## GARDNER *against* CAMPBELL.

THIS was an action of *replevin*, for taking certain goods and chattels of the plaintiff. The defendant pleaded to the declaration, which was in the ordinary form, 1. *Non Cepit* ;

2. An avowry, setting forth that the defendant, on the 31st of *December*, 1817, was under sheriff of the county of *Cortlandt*, on which day a *fi. fa.* directed to the Sheriff of *Cortlandt* was issued out of this court against the plaintiff, at the suit of *Aaron Benedict*, for 3,132 dollars, debt, and 14 dollars and 43 cents, damages and costs : that the writ was delivered to the defendant to be executed, who thereupon, and before the return day thereof, levied upon the goods in question, continued in possession of them until the twelfth of *January*, 1818, and sold them, on the tenth of *January*, to satisfy the execution.

3. An avowry, stating the execution and levy, and that the defendant continued in possession of the goods until the twelfth of *January*, 1818.

4. A cognizance, as bailiff of the sheriff of *Cortlandt*, setting forth the execution, levy, and sale.

> Replevin will not lie against an officer who, having levied upon, and taken goods in execution, receives from the defendant the amount due on the execution, and then refuses to re-deliver the goods.
>
> A person taking the goods of another, under lawful authority, does not become a trespasser *ab initio*, by refusing to restore them, after his authority to detain the goods is determined.
>
> A mere nonfeasance will not make a man a trespasser *ab initio*.

NEW-YORK,
October, 1818.

GARDNER
v.
CAMPBELL.

The plaintiff pleaded, 1. To the first avowry, that before the taking of the goods and chattels mentioned in the declaration, and while the *fi. fa.* was in the defendant's hands, to wit, on the seventh of *January*, 1818, he settled with the defendant, as to the *fi. fa.* and found that there was due and owing thereon 734 dollars and 4 cents, including sheriff's fees, which the plaintiff tendered to the defendant, and which the defendant accepted in satisfaction and discharge of the execution.

2. A similar plea to the second avowry.

3. To the first and second avowries, that on the seventh of *January*, 1818, one *Barney*, at the request of the plaintiff, tendered and paid to the defendant, the sum of 734 dollars and 4 cents, being the amount then due and owing on the execution, including sheriff's fees, which sum the defendant accepted, and gave a discharge in full satisfaction of the execution.

4. and 5. To the cognizance, the plaintiff pleaded a settlement with, and payment to the defendant, by himself, and by *Barney*, at his request, as in his first and third pleas.

To the second plea the defendant replied, denying a settlement and payment of the amount due on the execution, and, as to the first, third, fourth, and fifth pleas, there was a demurrer and joinder. The cause was submitted to the court without argument.

SPENCER, J. delivered the opinion of the court. The first objection to the pleas, is, that they admit the original caption to be lawful, and that when that is the case, *replevin* does not lie.

In the case of *Hopkins* v. *Hopkins*, (10 *Johns. Rep.* 372.) this court adopted the well known and ancient principle, that when a person acts under an authority or license given by the law, and abuses it, he shall be deemed a trespasser *ab initio ;* but the action is grounded on a tortious taking ; and *The Six Carpenters' case*, (8 *Co.* 146.) recognises a distinction between the actual and positive abuse of a thing taken originally by authority of the law, and a mere non-feasance, such as a refusal to deliver an article distrained.

The conclusive objection to all the pleas, is, that con-

ressedly, the defendant took the plaintiff's goods, under and by virtue of an execution; and they are, in the language of this court, in *Thompson* v. *Button*, (14 *Johns. Rep.* 86.) in the custody of the law, and it would be repugnant to sound principles to permit them to be taken out of such custody, when the officer has found them in the possession of the defendant in the execution, and taken them out of his possession.

The pretence set up here is, that the execution was paid and satisfied. Whether it was or not, makes no difference in the principle. If the fact be true, the plaintiff is not without his redress; he cannot be allowed to set up that fact to devest the sheriff's possession; the goods were lawfully taken by the defendant, and *replevin* is not the appropriate remedy. If it were allowed, the execution of the writ of *fieri facias* might, in all cases, be delayed or eluded.

Judgment for the defendant.