Curia, per Sutherland, J.
This is a demurrer to the plaintiff’s pleas, in bar to the defendants’ avowry and cognizance in replevin. The declaration contains eight counts, all of which allege the taking by the defendants on the 1st of November, 1825, of two hundred bushels of corn, the property of the plaintiff, of the value of 100 dollars.
The counts are all substantially alike, except as to the place of taking. The two first counts allege the place in which the corn was taken, to have 'been a Certain corn house, belonging to one Rufus Henry, situated on lands owned or possessed by said Henry, in the town of Lebanon, in the county of Madison. The other counts describe the place of taking as a certain common or highway, leading from one place to another in the town, particularly set forth.
*278 The defendants plead, first, non ceperunt; secondly, property in the goods taken, in the defendant Fox, and deny that they were the property of the plaintiff; thirdly, they avow and make cognizance of the taking; Fox in his own right and Horton as his bailiff, &c. under a judgment and execution or warrant, of a certain court martial, (whose proceedings are particularly set forth,) against one Rufus Henry; and allege the levy of the execution on the corn in question, and its sale at public auction to the defendant Fox, *to whom the corn was then delivered by the officer; and they aver that the property and possession of the said corn, at the time when, <fc. were in the said Henry, <j-c. ; without this, that the property of the said corn, or any part thereof, at the time when, &c. was in the plaintiff; and conclude with a verification. The plaintiff takes issue upon the second plea; and to the avowry and cognizance, after a protestando embracing all the alleged proceedings of the court martial, and the levy and sale under them, for plea saith, that the property and possession of said corn, mentioned in the declaration, at the time of the taking thereof, and at the time of the alleged levy and sale, ,&c. were not in the said Rufus Henry, Sf-c.; but the plaintiff expressly avers that the property and possession thereof,"at the time above mentioned, were in the said plaintiff; and concludes to the country. There is also a second plea, which is substantially like the first. To these pleas the defendants demur specially, and assign for causes of demurrer, 1. That they are uncertain as to the place of taking; 2. They depart from the declaration; the declaration alleging only property in the corn to have been in the plaintiff; and the pleas alleging both property and possession, <j-c.; 3. That neither of the pleas answer the whole avowry and cognizance, although in their commencement they profess to do so.
There seems to me to be no force in the objections taken to the pleas. The pleas do not expressly allege any place of taking; nor was it necessary. The avowry and cognizance justify the taking of the corn mentioned in the declaration, under a warrant against Rufus Henry; and aver that it was then in his possession. Two of the counts in *279 the declaration charge the taking to have been from a corn house on the farm of Henry; and the pleas demurred to allege that the corn mentioned in the declaration was not the property, nor in the possession of Henry. It appears, with sufficient certainty, that the pleas allude to the corn mentioned in the avowry. (1 Chit. Pl. 547.) The two first counts of the declaration state the place of taking, with all the particularity that was practicable or requisite.
The allegation of departure from the declaration is also unfounded. There is nothing in the declaration which “negatives the idea that the com was in the possession of the plaintiff when taken. The property of the corn is expressly averred to have been in him; and it is alleged to have been in a corn-house belonging to Rufus Henry, on land owned or possessed by him. Henry owned the land and the corn house ; but if the plaintiff had the key of the com house, or in any other manner had the exclusive control of the corn, the possession of the com was his. There is nothing in the declaration inconsistent with such fact. The pleas render certain, by an express averment, that which was not in terms alleged in the declaration; but which is perfectly consistent with what is there alleged. This is not a departure. The pleas substantially answer the. whole avowry and cognizance. ,
But it is said replevin will not lie in this case. If the goods were taken not out of the possession of Henry, the defendant in the execution, under which the taking is justified, but from the possession of the present plaintiff, then the cases of Thompson v. Button, (14 John. 84,) and of Gardner v. Campbell, (15 John. 401,) show that replevin wül lie. The pleas expressly aver the possession to have been in the plaintiff, which is admitted by the demurrer, the objection as to the departure being unfounded.
The plaintiff is entitled to judgment on the demurrer, with leave to the defendants to withdraw the demurrer, and plead on payment of costs.
Rule accordingly.