## Case No. 2,327.

### CALVERT v. STEWART.

[4 Cranch, C. C. 728.][1]

Circuit Court, District of Columbia. May Term, 1836.

DISTRAINT FOR RENT—LOSS OF LIEN — REPLEVIN —PLEADING AND PROOF.

1. A landlord who distrains horses, in Maryland, for rent, and hires them out, and permits them to go into the District of Columbia, where they are attached for a debt due by the tenant, does not thereby lose his lien upon the horses for the rent, but may maintain replevin for them in the said district, notwithstanding the attachment.

2. Upon the issue of non cepit the plaintiff must prove that the defendant took the property from the possession of the plaintiff.

At law. Replevin. Pleas non cepit, and property in G. W. Delaplaine. General replication and issue to both pleas.

In order to maintain the issue on the part of the plaintiff [Charles B. Calvert] he offered evidence, without objection, that Delaplaine was the tenant of George Calvert in Prince George's county in Maryland; and being indebted for rent-arrear, the plaintiff as bailiff of G. Calvert, on the 13th of January 1834, distrained a wagon and two horses, the property of Delaplaine, found on the premises, and advertised them for sale,

[1] [Reported by Hon. William Cranch, Chief Judge.]

and delivered them to a Mr. Taylor, to keep till the sale, who, with the consent of George Calvert, the landlord, hired them to one Farrell, to go to Washington, in the District of Columbia. Farrell took them to Alexandria, and put them up in the stable of defendant, William B. Stewart, an innkeeper, where they were attached on the 15th of January, 1834, for a debt due by Delaplaine to Lambert & McKensie; and the plaintiff replevied them in the present action.

Upon the trial, THE COURT (nem. con.), upon the motion of the defendant's counsel, Mr. Neale, instructed the jury that the plaintiff cannot recover upon the issue of non cepit, unless he satisfies them, by evidence, that the defendant, actually or constructively, took the property from the actual or constructive possession of the plaintiff. Mr. Neale also moved the court to instruct the jury, in effect, that by the hiring out of the property, and suffering it to be carried out of the state of Maryland, the plaintiff lost his lien, and could not now, here, maintain replevin upon it. Which instruction, THE COURT (CRANCH, Chief Judge, contra) refused to give.

CRANCH, Chief Judge, thought, that by hiring out the property, and suffering it to be taken out of the state of Maryland, the plaintiff lost his lien; that his action of replevin admits that he lost the possession, and that with the possession his lien ceased. That the distress was, in its nature, a local remedy, confined to the territory and jurisdiction of Maryland, and which could not be enforced here. At first, without recollecting the statute (11 Geo. II. c. 19, § 19), he thought that the plaintiff, by hiring out the distress, and sending it out of the county and state, was a trespasser ab initio, and could not justify under the distress; but upon recollecting that statute, he retracted that part of his opinion; but still held, that although trespass may be maintained upon possession alone, yet replevin cannot without a title either general or special. See Williamson v. Ringgold (in this court, at May Term, 1830) [Case No. 17,755]; Meany v. Head [Case No. 9,379], Mr. Justice Story's opinion; Stat. 52 Hen. III. c. 4; 2 Bac. Abr. tit. "Distress," D.; Gilb. Repl. 157, 164; Gardner v. Campbell, 15 Johns. 401; 2 Wheat. Selwyn, N. P. 896.

Mr. Taylor, for plaintiff, cited Com. Landl. & Ten. 410.

Mr. Neale, for defendant, cited 3 Bl. Comm. 12; Bradb. Dis. 240; Whitaker, Lien, 68, 69; Paley, Ag. 224–230, 234–237; Shannon v. Shannon, 1 Schouler & L. 324; Dod v. Monger, 6 Mod. 215; Sweet v. Pym, 1 East, 4.

Verdict for plaintiff.

CALVERT LITHOGRAPHING, ETC., CO. (FARMER v.). See Case No. 4,651.

CALVIN (UNITED STATES v.). See Case No. 14,711.

CALYPSO, The. See Case No. 11,506.