Kirksey, trustee &c. v. Dubose.

---

## KIRKSEY, Trustee, &c. vs. DUBOSE.

1. When a sheriff justifies under mesne process, after the time appointed for its return, he must either aver its return, or show some legal excuse why it was not returned.

2. When the judgment entry shows, that the plaintiff demurred to the defendant's pleas, and that the demurrer was overruled, and the demurrer also appears upon the record, this court will not look to the

order in which the clerk has recorded the pleadings, and determine that the demurrer was waived, because issues of fact precede it.

3. The plaintiff in error, by showing a verdict for the defendant upon insufficient pleas, shows an error *prima facie* prejudicial to him, and it is the duty of the defendant to make the record affirmatively show that no injury resulted from the error, if such was the case.

4. The maker of a deed of trust may be made a competent witness to sustain it, by first showing his certificate of discharge under the Bankrupt act, obtained subsequently to the execution of the deed, and also his release to the assignee in bankruptcy, of all interest which he may have in the suit.

5. The act of 1845, which renders the defendant in execution an incompetent witness on a trial of the right of property under the statute, allowing a claim to be put in to property levied on, is in derogation of the common law, and will not be extended to the ordinary common law actions, or causes in equity, for the recovery of damages, or the specific property, in which the title may be put in issue.

6. If the writs of attachment, under which the sheriff justifies, are regular on their face, he is not bound to go beyond them, and show affidavits and bonds, or that there was a *subsisting debt*, on which they might properly issue.

ERROR to the Circuit Court of Marengo. Tried before the Hon. Geo. D. Shortridge.

THIS was an action of trespass commenced by Cicero L. Kirksey, against the sheriff of Marengo county, for levying on a stock of goods which the plaintiff claimed as trustee under a deed of trust, executed to him by one Wm. A. D. White, to secure certain creditors. The original plaintiff died after the institution of the suit, which was then revived in the name of the present plaintiff, who was his administrator, and who was appointed trustee in his stead by the Circuit Court.

The sheriff justified under two writs of attachment, one in the name of John Stephenson v. Wm. A. D. White and James H. Curtis, the other in the name of W. P. Lay v. Isaac Stiles. Each special plea averred the issuance of the attachment, its receipt by the sheriff and levy, and that the goods were the property of the defendant in attachment, but did not aver the return of the attachment, or show any reason why it had not been returned. These pleas were demurred to, and the demurrer overruled; but in the transcript replications are inserted before the

Kirksey, trustee &c. v. Dubose.

demurrer, and the order on it. The defendant not having introduced or proved any affidavit or bond for the issuance of the attachments, or either of them, and not having shown that said writs had been returned into the courts to which they were returnable, the plaintiff moved the court to charge the jury, that if such were the case, the defendant's pleas of justification were not sustained. The court refused to give this charge, and the defendant excepted.

The other material facts of the case appear in the opinion.

MANNING for plaintiff in error:

1. The second and third pleas of justification are defective, because they do not allege a return of the attachments.—McAden v. Gibson, 5 Ala. 341, and cases there cited.

2. A grantor, who is divested of all interest in the event of the suit, either by a release from others to him, or a release from him to others, is a competent witness to prove the fairness of his deed.—1 Greenl. on Ev. p. 464-472-3 ; Jackson v. Root, 18 John. 60 ; Kinlock v. Palmer, 1 Const. Rep. (S. C.); Woods v. Williams, 9 John. 123 ; Gillespie v. Gillespie, 2 Bibb 89 ; Wall v. Nelson, 3 Litt. R. 395 ; Bagley v. Osborn, 2 Wend 528 ; even though the deed be impeached as fraudulent ; Jackson v. Frost, 6 John. 135 ; Simmons v. Parsons, 1 Bai. 62.

3. The act of Congress in relation to bankrupts, makes the certificates only of their discharge sufficient evidence thereof, in any suit or proceeding against them for antecedent debts ; much more is such a certificate sufficient evidence to the presiding judge, that the person to whom it is given is a certificated bankrupt, when the question arises collaterally in a suit to which he is not a party.

4. The act of 1845, making defendants in execution incompetent witnesses in certain cases, applies only to a peculiar action, the trial of the right of property, which was created by statute.—Dearing v. Windham, 11 Ala. 204 ; Frow v. Downman, Ib. 883. The proceeding between Scott et al. and Stallsworth, (12 Ala. 25,) was precisely that action, though the subject of it was a credit instead of a chattel.

5. The defendant ought to have proved that the attachment had been duly returned.—McAden v. Gibson, 5 Ala. 341.

6. And as the plaintiff in this suit was not a party to the

writs of attachment, but had possession of the property seized, by virtue of a deed made long before, the defendant ought to have produced the affidavit and bond, or one of them, upon which the attachment was founded.—Damon v. Bryant, 2 Pick. 411; Jansen v. Acker, 23 Wend. 480-1; Noble v. Holmes, 3 Hill's 194.

The cases of Houston, adm'r. v. Prewitt (8 Ala. 846,) Powell v. Powell (10 Ib. 900,) and Clifton v. Sharpe, (15 Ib. 618,) are not at all parallel with this. White was not the assignor of a chose in action, but of veritable chattels (goods, wares and merchandize,) of which he was in possession, and the possession of which he transferred to his grantee as he had previously received it. If there were any choses in action in the case, they were the interests which the plaintiffs in the attachments sued out those writs for the purpose of establishing. It is a solecism to say that my property of which I am enjoying the possession, or which I transfer corporally to another, is either in him or me reduced to a chose in action, because another person claims some interest in it; his interest (if any,) is the chose in action.—See Ex'rs. of Robertson v. Allen, 16 Ala. 109.

BROOKS, *contra:*

1. In an ordinary trial of the right of property under the statute, the grantor, White, would be an incompetent witness under the act of 1845. This action is trespass, but that does not alter the case. It is to all intents and purposes a trial of the right of property. The object of the law was to render the grantor an incompetent witness to sustain his deed of trust or mortgage in a contest between his grantee and his creditors. The substitution of one action for another will not make the witness competent. The law was not intended to apply to the form of the action, or to exclude the witness on the ground of interest, but upon the grounds of public policy.—Brumby v. Langdon, 10 Ala. 749; Scott, Slough & Co. v. Stallsworth, 12 Ala. 25; Yarborough v. Moss, 9 Ala. 388. And he remains disqualified, although he should become a certificated bankrupt; Carville v. Stout, 10 Ala. 796-802.

2. When the suit was commenced, White was entitled to such portion of the damages recovered therein, as might remain after the payment of his debts. This right to damages was a chose

in action (Bro. Title Chose in Action, Lilly Abr. 264.) To enable the witness to testify in this suit, he released his interest. In other words he was the assignor of a chose in action, and therefore incompetent on the score of public policy.—Powell v. Powell, 10 Ala. 911; Houston v. Pruitt, 8 Ala. 846; Clifton v. Sharp, 15 Ala. 618.

3. In trespass against the sheriff for taking goods under an attachment, the defendant in attachment is not a competent witness for his grantee (Barnes v. Taylor, 3 Por. 187; Pruit and Martin v. Lowry, 1 Por. 101; 3 Ala.,) and White was also interested in diverting the property in controversy from the payment of Stiles' debts, and causing it to be applied to the payment of his own. The certificate in bankruptcy alone was insufficient evidence to show that his interest had been removed, and his competency restored. That was no evidence of his discharge. The copy of the record, or so much thereof as was necessary, should have been produced. The certificate is merely the conclusion of the clerk as to the effect of the record. By act of Congress, it is made evidence for the bankrupt himself in proceedings against him, but in no other case; and it may well be questioned, whether Congress can furnish to the State Courts a rule of evidence in proceedings between her own citizens.

4. In trespass against an officer for illegally taking the goods of the plaintiff, he may justify under the process alone, if it be regular upon its face.—Fortner & Flannaghan v. Drim, 3 Por. 257; Morrison & wife v. Wright, 7 Por. 68; Parker v. Walrod, 16 Wend. 514; Shepard et al. v. Nabors, 6 Ala. 637.

5. The demurrers were properly overruled. The plaintiff took issue in the County Court, in the year 1842. In 1845, the cause was transferred to the Circuit Court. At the May Term, 1848, the plaintiff without having withdrawn his replications, demurred to the 2d and 3rd pleas. He cannot reply and demur to the same plea at the same time; much less can he demur after having taken issue.

6. But if the court erred, the plaintiff cannot complain; it does not appear that he sustained any injury thereby. What is his title to the property. He claims, he says, through a deed of trust. It does not appear when the deed was made, or that it was made before the levy of the attachments. It does not appear that the deed was registered; nor does it appear that the

property in controversy was embraced in the deed. The plaintiff does not show that either himself or White ever had at any time any possession of, or right or title to the property in question. It is to be borne in mind, that the sheriff pleads, not only not guilty, but he also justifies under an attachment against Stiles. Although the pleas of justification may have failed, it does not appear that the plaintiff was entitled to recover. Dubose had the property in possession; he is the only person, who, as far as the evidence discloses, ever had it in possession, and he may be well entitled to a verdict under the general issue.

In trials of the right of property, the plaintiff is not bound to produce the judgment; the production of the execution is sufficient.—Carlton, et al. v. King, 1 S. & P. 472; Hardy, et al. v. Gascoigne & Holly, 6 Por. 447; Pettis, adm'r. v. Taylor, 8 Por. 564; Huff v. Cox, 2 Ala. 314; the production of the attachment is sufficient evidence of the debt, and the plaintiff is bound to produce no more.—Butler & Alford v. O'Brien, 5 Ala. 316; Yarborough v. Moss, 9 Ala. 382; see also 16 Ala. 271, and 14 Ala. 326.

CHILTON, J.—1. It is well settled, that if a sheriff justifies under *mesne* process after the time appointed for its return, he must either aver its return, or show some legal excuse why it was not returned.—See McAden v. Gibson v. 5 Ala. 343, and the cases there cited. The two special pleas in the case before us, contain no such averment, and the demurrers to them were improperly overruled by the court.

2. The judgment entry shows that the plaintiff demurred to the two pleas of justification, and that the demurrers were overruled; the demurrer also appears upon the record. Under these circumstances, we think it very clear, that we cannot look to the order in which the clerk has recorded the pleadings, and determine that the demurrers were waived, because issues of fact precede the demurrers; but we must presume rather that the clerk has inadvertently inverted the order of pleading in the transcript.

3. But it is contended by the counsel for the defendant, that although the court may have erred in upholding these pleas, yet this court should not reverse, as it is not shown that any injury resulted to him. The plaintiff does show injury when he shows

a verdict for the defendant upon insufficient pleas, and having shown that the court committed an error *prima facie* prejudicial to him, it was the duty of the defendant to make the record certify to us, that no injury resulted from the error, if such was the fact. In Marshall v. Betner, we said that if the entire record affirmatively show that the plaintiff never can recover, and the matter which renders a recovery impracticable is obvious and undisputed, the court will not reverse, for in such case, it would do a useless thing.—(17 Ala. 836.) This case however, is not shown to fall within that category.—See also, Davis v. The State, 17 Ala. 415; Seawell v. Henry, 6 Ib. 226.

4. As the case must go back, it becomes our duty briefly to notice some other questions presented by the bill of exceptions, and which will probably arise in the further progress of the cause. We are informed that the plaintiff claimed title under a deed made to him as trustee to secure certain debts due from the maker, and White, who was the maker, was offered as a witness to sustain the deed. In order to render him competent, the plaintiff produced the certificate of his discharge in bankruptcy obtained subsequent to the making of said deed, and also a deed assigning, setting over and releasing all interest he might have in the recovery in this suit, and in all his effects, to the assignee in bankruptcy, for the use of his (White's) creditors, and the surplus, if any, to go to the use of the assignee in his individual right, but without recourse on White. The first objection raised to this witness is, that he has such interest as he cannot release so as to render him competent. Mr. Greenleaf holds that there is no interest of a disqualifying nature but that may in some manner be annihilated.—1 Greenl. Ev., § 428, citing Perryman v. Steggal, 4 C. & P. 197; Van Shaack v. Stafford, 12 Pick. 565—see also, 1 ib., § 426. We do not think this witness occupies such position as that he cannot release his interest. If any surplus remains, or any interest accrues to him by reason of the recovery, it would vest in his assignee in bankruptcy, who by the release would be exonerated from all liability to account for it to the witness. No case in our reports goes to the length of holding that White cannot be made competent by a release. It is not the case of a transferror becoming a witness for the transferree to support the transfer, as in the cases of Houston, adm'r, v. Pruitt, 8 Ala. 846; Maury's Adm'r v. Mason's Adm'r, 8

Kirksey, trustee &c. v. Dubose.

Por. 211; Powell v. Powell, 10 Ala. 900, and Clifton et al. v. Sharp, use &c., 15 ib. 618.   In the cases cited, it was held that the witness could not assign the chose in action and support the assignment by his own testimony, as this would be against the policy of the law, as letting in all the evils of champerty; but in the case before us the interest in the property had already vested by the deed in the trustee, if the grantor had title.   This was the sale of a thing in possession, and if a surplus remained in the hands of the trustee, then that surplus vested in the assignee in bankruptcy, and it was certainly competent for the witness to release the assignee from all obligation to pay over the same to him.   We do not see how any principle of public policy would be violated, in permitting such an interest to be released.   We deem it unnecessary to decide upon the effect of the certificate of discharge, as upon a subsequent trial, the party can procure the transcript of the record, if its production be not waived.   If White be discharged from his debts, he has no *legal* interest in having property devoted to their payment, if by his release he can never succeed to the residuum after the debts are paid, so that the argument that he is interested in defeating the creditors of Stiles by applying it to the payment of his own debts, cannot avail the defendant in error.

5. But it is insisted that White, being the defendant in the attachment, was rendered incompetent by the act of 1845, which makes defendants in executions incompetent witnesses upon the trial of the right of property under the statute allowing claims to be put in to property levied upon.   In Easly v. Dye, 14 Ala. 164, this court said, (COLLIER, C. J.,) "This enactment introduces an arbitrary rule, irrespective of the interest of the witness, but is applicable to a specific case, and cannot be extended by construction to an ordinary action in which the title to personal property is litigated."   We think the act being in derogation of the common law, and introducing a disqualification as applicable to the statutory remedy designated, we should not only push it beyond the intention of its framers, but should violate the settled policy of the law which restricts such disqualifications, were we to extend its provisions to the ordinary common law actions or to causes in equity, instituted for the recovery of damages or specific property in which the title may be and usually is put in issue.   The cases of Yarbrough v. Moss, 9

Ala. 382; Webster v. Smith, 10 ib. 429, and Brumby v. Langdon & Co., ib. 747, do not militate against this view. The reasoning in the case of Scott, Slough & Co. v. Stallsworth, 12 Ala. 25, would seem to lead to a different conclusion, but it occurs to me that it would amount to judicial legislation to extend the disqualification to all suits when the Legislature has limited it to a particular species of trial.

6. If the attachments were regular on their face and authorised a levy upon and seizure of the defendant's property, the sheriff is not bound to go beyond them and show bonds and affidavits, or that there was a subsisting debt on which they might properly issue.—Governor v. Gibson, 14 Ala. 327.

Perhaps what we have said will be sufficient direction for the future conduct of the cause.

Let the judgment be reversed and the cause remanded.