J. W. DOWLING & CO., APPELLANTS, VS. URIAH BOWDEN, SHERIFF, APPELLEE.

An officer who seeks to justify the taking of property under an attachment, must show that the writ was actually returned on the Rule Day to which it was made returnable, or show a legal excuse why the writ was not returned in the time required by law. But if he fails to make his return in the time required by law, and fails to show a legal excuse for such failure, he cannot justify under it.

Appeal from the Circuit Court for Duval County.

The facts of the case are stated in the opinion of the court.

*Geo. Wheaton Deans, Fletcher & Wurtz* for Apellants.

*Doggett & Buckman, Hartridge & Young* for Appellee.

MITCHELL, J.: J. S. Smith, Jr., et al. instituted attachment suits in the circuit court against Dowling & Coxe. The writs were issued returnable to the then next rule day, and the appellee, who was at the time Sheriff of Duval county, executed the several writs of attachment placed in his hands by levying them upon and taking into his possession a certain stock of goods, as the property of Dowling & Coxe, but failing to make any return upon the

writs until two days after the rule day to which they were made returnable. The goods were, upon petition of attachment creditors of Dowling & Coxe, sold under an order of the circuit court as perishable property. The issues in the attachment proceedings were decided in favor of the plaintiffs.

Appellants subsequently commenced action of trespass against the appellee, and in their declaration allege, that the defendant (Bowden) on the 8th day of August, 1883, was Sheriff of Duval county, and that he, as such Sheriff, with force of arms, &c., without authority of law, wilfully and maliciously, seized, took and carried away the goods and chattels of the plaintiffs, and then describes the goods alleged to have been so taken by the defendant.

The defendants pleaded, first, not guilty;

Secondly, That the goods and chattels mentioned in the declaration were not, at the time mentioned therein, or at any other time, the property of the plaintiffs, but the property of P. H. Dowling and M. S. Coxe partners doing business under the firm name of Dowling & Coxe, and that the goods were in the possession, custody, &c., of Dowling & Coxe at the time.

In his third plea the defendant sets up fully his anthority for seizing said goods under and by virtue of the said writs so issued out of the circuit court of Duval county, and avers that the goods and chattels, at the time they were seized by him under an order of the circuit, court.

These several pleas were demurred to, and the demurrer overruled.

Plaintiffs then filed their replications; the issues were made up and, by consent, the cause was submitted to R. M. Call, Esq., Referee, who proceeded to hear the case, took the evidence and rendered his judgment as follows:

1st. That Uriah Bowden was Sheriff of Duval county,

Florida, from August 1, to October 1, 1883, and that John D. Kelly was his duly appointed deputy during said time and acting as such.

2. That during the early part of August, 1883, the plaintiffs were in possession of the goods mentioned in the declaration, and that while they were in such possession, an attachment against Dowling & Coxe was levied upon said goods by J. D. Kelly, as deputy Sheriff of Duval county, Florida, as the property of Dowling & Coxe.

3. That the said plaintiffs were in such possession by virtue of a sale made by Dowling & Coxe a day or two previous. That the consideration for such sale was the past due indebtedness of P. H. Dowling, one of the members of the firm of Dowling & Coxe, to J. W. Dowling & Co., the plaintiffs.

4. That at the time of such sale Dowling & Coxe were largely indebted to different parties for the purchase money of the stock of goods sold.

5. That the value of the goods amounted to about seven thousand dollars.

6. That the sale was in fraud of the creditors of Dowling & Coxe and void, and that the said goods were subject to attachment as the goods of Dowling & Coxe.

7. That Uriah Bowden, the defendant, levied on such goods by virtue of certain writs of attachment issued out of the Circuit Court, in and for Duval county, Florida, and his possession was lawful, and not tortious. Therefore, it is ordered, adjudged and decreed that the defendant, Uriah Bowden, go hence without day, &c.

The plaintiffs moved to set aside the findings and judgment of the referee but the motion was overruled.

The judgment of the referee was made the judgment of the court, and the plaintiffs appealed.

There are 39 grounds of error assigned by appellants, but

as the ruling of the court below upon the demurrer to the third plea raises a question, the decision of which must necessarily cause a reversal of the case, we will not consider any of the other assignments.

Under this, the third plea, the defendant seeks to justify his seizure of said goods upon the ground that he seized and took the same under and by authority of sundry writs of attachment issued out of the Circuit Court against Dowling & Coxe.

This plea was demurred to " because it is not alleged in said plea that the writs of attachment referred to therein were ever returnable or returned to or at any term of the court by the said Uriah Bowden, Sheriff of the county of Duval, or by any deputy of said Sheriff, or at or to any rule day of this court."

The overruling of this demurrer is assigned as error.

There has been no decision of this court upon the question raised by the demurrer to the defendant's plea, but in the English courts, and in the courts of other States, this question has been frequently ruled upon.

The statute (McClellan's Dig., 115, sec 23,) provides that " all writs of attachment shall be made returnable to the court having jurisdiction of the same, and to the next rule day after it was issued, if ten days shall intervene between the day it was issued and the next rule day, and if not ten days, then to the next rule day thereafter, and the bond, affidavit and other papers on which such attachment may have been obtained, shall be filed in the court on or before the rule day to which said writ of attachment is returnable."

In the case at bar the writs of attachment were served more than ten days before the rule day to which they were returnable, but they were not returned by the Sheriff until two days thereafter, and the pleadings in the case show no

reason why they were not returned in conformity with the requirements of the statute.

The defendant in his testimony in the case attempted to show why the writs were not returned on the day to which they were returnable, but such excuse was not pleaded and we cannot consider it here.

In Drake on Attachment, Sec. 210 a, the rule is laid down, "that an officer who justifies the taking of property under an attachment must show that the attachment was actually returned at the time when it was by law, returnable. But if he fails to make his return in the time required by law, he cannot justify under it." This rule may be harsh, and it may be that it would be difficult to give a satisfactory reason for it, yet we feel bound by it, and it is sustained by authorities of the very highest character.

The rule in Drake on Attachments, *supra*, is supported by the following cases : Russ vs. Butterfield *et al.*, 6 Cush. 242, (and a number of cases cited, both English and American); Williams vs. Babbitt, 14 Gray, 141 ; Brown *et al.* vs. Bassett, 21 N. J., (Law), 46 ; McAden vs. Gibson, 5 Ala., 341; Kirksey, Trustee, vs. Dubose, 19 Ala., 43 ; Shorland vs. Govett, 5 Barn. & C., 485 ; Wilder vs. Holden, 24 Pick., 8 ; Gardner vs. Campbell, 15 John., 401 ; Paine vs. Farr, 118 Mass., 74.

Under the authorities cited above we feel bound to decide that the court below in overruling the demurrer to the defendant's plea, wherein he seeks to justify his seizure of the goods claimed by the plaintiffs, without showing when the writs of attachment under which he made the seizure were returnable, and without showing that the writs were returned by him on the day to which they were returnable, and without showing any legal excuse for not returning the writs in conformity with the requirements of the statute.

The judgment of the court below is reversed, and the cause is remanded with directions for further proceedings not inconsistent with this opinion.