CAMP v. HATTER.

1. When the transferee of a debt is summonded in an attachment suit after the answer of the garnishee, he is compelled, on the issue with the attaching creditor, to show the debt was transferred to him previous to the service of garnishee process, and the court may require this question to be presented by the issue.

2. The notice to the transferee may be ordered at any time after the coming in of the answer, and before the cause is ended by the termination of the suit; therefore, an order at the same term when final judgment is rendered aginst the debtor, is regular, and sufficient to continue the cause against the transferee.

3. The mere production by the transferee of a note made by the garnishee, with an assignment on it by the attachment debtor, is not sufficient to prove the note was assigned previous to the service of garnishee process. It is with the transferee to show when his interest was acquired.

4. A transferee contesting the creditor's right to condemn the transferred debt, is liable for costs, if the issue is found against him, and a judgment condemning the debt in the hands of the garnishee, to the payment of the judgment debt and costs, and giving costs against the transferee is regular.

Writ of Error to the Circuit Court of Greene.

WILLIAM R. HAMLET was summoned by garnishee process as the debtor of John L. Hatter, in an attachment at the suit

of Priscilla Hatter, and at the September term, 1839, appeared and answered that he was indebted to the defendant in attachment, in the sum of $650, by note, due 1st January, 1841. Judgment was not rendered in the attachment suit until September term, 1841, when the plaintiff recovered from the defendant in attachment $409 24, besides costs of suit.

At the March term, 1841, the garnishee asked and obtained leave to amend his answer, and then amended the same by stating, that a few days after his former appearance and answer, he was served with a notice by J. B. Camp, that the note described in his former answer had been assigned to him by John L. Hatter, and that he looked to the garnishee for payment.

At the next term of the court—September term, 1841—an order was made, that notice should be issued for Camp "to appear and answer to a transfer of the note of the said garnishee, payable to John L. Hatter, and also an order of publication," the said Camp being a non-resident.

The cause was continued against the garnishee down to April term, 1844, when Camp appeared, and the plaintiff alledged, "that the assignment of a certain note, &c. by Hatter to Camp, was not a good, valid, and sufficient assignment of said note, so as to vest the right to said note in said Camp, but that the money mentioned in said note was subject to pay the judgment of the plaintiff against said Hatter.

Camp, on his part, asserted that Hatter, on or about the 1st of March, 1839, assigned the said note, and averred the assignment was valid.

The plaintiff objecting to this issue, the court ruled the defendant should amend the same, so as to assert that the assignment was made previous to the service of the garnishment, and it was so amended. A verdict was found for the plaintiff, on which judgment was given against Hamlet for the sum of the judgment and costs against Hatter, and against Camp for the costs of the proceedings against him.

At the trial of the issue, the defendant produced the note of Hamlet, indorsed by John L. Hatter, in blank. He then proved the hand-writing of the indorser, and also that Ham-

let had notice of the indorsement of the note to Camp, in August, 1839, a few days after the service of the garnishment. The plaintiff introduced no other evidence than his judgment against Hatter.

The defendant asked the court to charge the jury, that if the indorsement on the note was made by Hatter, the note being in possession of, and produced by the defendant, it was *prima facie* evidence that the note was indorsed at the time it was made, and the indorsement should be considered as being dated with the note, unless rebutted by other testimony.

This was refused, and the court charged the jury, the indorsement was not even *prima facie* evidence of the time of the transfer of the note to Camp, and that it was incumbent on him to show the note was indorsed to, and held by him, before service of the garnishment on Hamlet. The defendant excepted to the charge given, as well as to the refusal. He now assigns that the court erred—

1. In the issue ordered.

2. In ordering a notice to Camp at a term subsequent to that at which the garnishee made his answer.

3. In the refusal to charge as asked, and in the charge given.

4. In the judgment rendered.

A. GRAHAM and PIERCE, for the plaintiff in error, insisted—

1. The proper issue between a creditor and the transferee of a debtor, to contest the validity of an assignment under the act of 1840, (Clay's Dig. 60, § 4,) is, for the plaintiff, after the appearance of the party, to alledge that the transfer or assignment to him is invalid. A denial of this by the defendant makes the issue. [Godwin v. Brooks, 6 Ala. Rep. 836; Graves v. Cooper, 8 Ala. Rep. 814.]

2. To require a different issue, we must assume that every transfer of a note by a debtor to a third party is fraudulent.

3. The plaintiff having the affirmation of the issue, the burden of proof, to show that the money due on the note, was liable to satisfy his judgment, was upon him. [Phelps v. Hartwell, 1 Mass. R. 71; Blaney v. Sergeant, 1 Ib. 335;

20

Buckminster v. Pony, 4 Ib. 593; Phillips v. Ford, 9 Pickering, 39.]

4. The publication, to make Camp, who was a non-resident, a party, should have been for six months; and this was not cured by the appearance of the attorney. [Sheppard, et al. v. Buford, 7 Ala. R. 90.]

5. If the garnishee, before final judgment, makes known to the court, that he has received notice of a transfer of the note, which is the evidence of his indebtedness to the defendant, judgment cannot be rendered against him, until the court determines the validity of the assignment. [Foster v. White, 9 Porter, 221; Payne v. The Mayor and Aldermen of Mobile, 4 Ala. R. 333.]

6. The proof offered by the defendant of the assignment of the note was sufficient.

R. H. SMITH, for defendant in error.

1. That the issue was under the control of the court, and the one formed was the only proper one.

2. The assignee holds the affirmative, and by the rules of pleading the onus is on him.

3. The issue could be formed at any time before garnishee was discharged. The decisions of this court in relation to .when summary proceedings may be taken against a sheriff, are thought analagous. [Burton, et al. v. Peck, 1 S. & P. 486; Kirkman v. Harkins, 1 Port. 22.]

4. The assignment in blank was no evidence of when, or on what consideration it was made, unless it had been the foundation of an action, so as to bring it under the operation of our statute. .

5. The true construction of the statute, under which these proceedings are had, (Clay's Dig. 63, § 40,) only authorizes the assignee to come in and litigate when the garnishee discloses a notice of assignment *made previous* to the service of the garnishment; and therefore plaintiff below was entitled to judgment on answer, and plaintiff in error cannot complain.

GOLDTHWAITE, J.—1. When an attachment is levied by garnishee process, the lien created by it attaches at the

time of the summons, and the right of the debtor to make a transfer is at once interrupted.   A consequence of this principle is, that the issue between the garnishee and the attaching creditor, puts in question his indebtedness at that time. Our statutes permit the garnishee to suggest, that the interest in the attached debt has been transferred to another ; and the creditor is allowed to substitute the transferee in the place of the garnishee, by giving him notice.   [Dig. 63, § 39, 40.] It is evident, as it seems to us, that the transferee of a debt when summoned under the statute, stands precisely in the condition of a purchaser from the debtor in attachment, and in consequence of this relation, is compelled to show that his title to the attached debt accrued before the lien of the attachment was rendered effectual by the summons of the garnishee.   A different rule would place the purchaser or assignee of a debt in a more favorable condition than the purchaser of other chattels.   We have no hesitation then in coming to the conclusion that this issue was properly directed, as it puts the question of transfer so as to relate to the time of the summons.

2. It is true the summons to the transferee in this case was ordered to be issued at a subsequent term to that when the answer came in, but we think this was sufficiently regular. The principal suit was not then finally disposed of, or rather it was then that a judgment was given against the debtor in attachment, and until then the necessity for ulterior proceedings against the garnishee, or transferee, could not be certainly known. · We have heretofore held, that a judgment against the garnishee, or other proceedings tending to a judgment, may be taken at the term when judgment is given against the principal debtor.   [Leigh v. Smith, 5 Ala. R. 583.]

3. With respect to the charge asked, as well as the one on which the cause was submitted to the jury, we think there was no error.   The indebtedness of the garnishee was admitted by his answer, and as the transferee, Camp, claimed an interest in the assigned note, superior to the right of the plaintiff in attachment, it rested with him to show it affirmatively.   Indeed, to hold the party to proof, that the note was not assigned when the garnishment was served, would be to impose proof of a negative.   In the correlative case of a levy

on personal estate, which is claimed by a stranger, the proof is cast on him to support his claim, after the plaintiff has made a *prima facie* case, by evidence that it once belonged to the execution debtor. We think the same principle holds good when the contest is between the creditor and the assignee of a debt. [Davis v. Clayton, 5 Hump. 446.]

4. When Camp contested the right of the plaintiff to condemn the debt in the hands of the garnishee, he became a party litigant to the proceedings, and in that character liable for costs if unsuccessful. Hence he is only condemned to the costs arising out of the contest, and this we think entirely proper. In other respects the judgment entry seems open to no objection, as it condemns the debt in the hands of the garnishee to the payment of the principal judgment and costs.

On the whole case we can see no error. Judgment affirmed.