# SCOTT, SLOUGH & Co. v. STALLSWORTH.

1. In an issue between the transferee of a debt admitted as due to the debtor and the attaching creditor, the court may require the transferee to aver the validity of the transfer, and it is not error to refuse to compel the creditor to aver that the debt is subject to his process.

2. Under the trial of such an issue, the debtor, under the act of 1845, is not a competent witness.

3. The answer of the garnishee, and the papers in the cause, cannot be looked to as evidence on the trial of this issue.

Writ of Error to the Circuit Court of Mobile.

STALLSWORTH sued one Thom before a justice, and there had judgment; afterwards he summoned Huntington &

Cleveland as garnishees, but they answered, that although they were indebted to Thom, yet they had been notified by Scott, Slough & Co. that Thom had assigned the debt to them. Scott, Slough & Co. were thereupon summoned as transferees to contest the plaintiff's claim. The justice gave judgment in favor of Stallsworth, and Scott, Slough & Co. appealed to the county court. When the issue was about to be made, the transferees insisted Stallsworth should alledge and they deny that the money in the hands of Scott, Slough & Co. was subject to the judgment. The court refused to direct the issue thus, and directed that Scott, Slough & Co. should assert that Thom's transfer of H. & C's indebtedness to them was valid. This was excepted to, but the issue formed as directed by the court. This in the judgment entry is stated as being formed by consent of parties.

At the trial, the transferees offered the deposition of Thom, the defendant in execution, as evidence to prove the validity of the transfer, but the court excluded it on the ground that Thom was incompetent, under the statute, as a witness.

The court charged the jury, that the only question was, the validity of the transfer made by Thom to Scott, Slough & Co., and the jury could not look to the answer of the garnishee, nor to the papers in the original suit of Stallsworth v. Thom as evidence for any purpose on this issue.

The transferees excepted to the several rulings of the court against them, and here assign the same as error.

Wm. G. Jones, for the plaintiff in error, insisted—

1. The court forced the plaintiffs to join in an improper issue. Stallsworth was the actor, he should have made the allegation, and the defendant denied it. The form of issue prescribed by the court was injurious and oppressive to the plaintiff in error. It shifted the *onus probandi* from Stallsworth, on whom it properly lay, and threw it on Scott, Slough & Co. It made them hold the affirmative, and required them to prove the validity of the assignment to them. That the issue was improperly made up, see Goodwin v. Brooks, et al. 6 Ala. Rep. 836.

2. The court erred in excluding the deposition of Thom. The act of 25th January, 1845, (see Acts, p. 136,) does not in terms apply to this case, and being in derogation of common law, and tending to exclude evidence from the jury, it is submitted that the court ought not to extend its application by implication.

The court erred in charging the jury that they could not look to the papers in the case as evidence for any purpose. It was necessary the jury should do so to see the subject matter in controversy, and to identify it. The jury is always allowed to take the writ, declaration, &c., and look to them. Without this they cannot see the identity of the subject matter involved in the issue, nor the proper application of the evidence.

STEWART, contra.

GOLDTHWAITE, J.—1. Upon the first point made by the plaintiffs in error, we think the decision made by us in Camp v. Hatter, 11 Ala. R. 151, is conclusive. We then held, that in an issue between the transferee of the debt admitted to be due by the garnishee, it was incumbent on the transferee to show the transfer of the debt to him previous to service of process on the garnishee, and that it was proper for the court to require this question to be presented by the issue. The effect of this decision is, that the validity of the transfer must be alledged by the transferee. It is supposed in argument, that cases may arise in which the debt admitted by the garnishee may in point of fact have been a debt due to the transferee, instead of the defendant in attachment, or execution, and thus, in such cases, the transferee would be deprived of the benefit of his oath in denying the indebtedness to the defendant in execution. The answer to this is, that under the supposed circumstances, the garnishee would not be authorized to admit indebtedness to the debtor, and if he did so wrongfully, he could never resist the claim of the rightful creditor. When, however, the garnishee admits the existence of a debt, which once was payable to the debtor, there is no peculiar hardship in requiring him who claims through a transfer, from showing its validity. We think

there was no error in requiring the issue to be formed as it was.

2. The facts of this case do not, it is true, bring it within the precise terms of the act of 1845, as the proceeding before us is not technically *a trial of the right of property*, although it is so in effect, *quoad* the debt attached. We have endeavored to show, in our previous decisions on this act, that its object is to exclude the *defendant in execution* from being a witness on the ground of policy, and not upon the ground of interest. [Brumby v. Langdon, 10 Ala. R. 747; Carville v. Stout, Ib. 796.] The object of the enactment being to exclude the debtor as a witness, in a contest between him and the creditor, when the contest is with respect to the condemnation of the property seized, it is impossible to say there is any substantial difference between the seizure of debt and a personal chattel. In either case the means are provided for the assertion of the claim of a third person, and although in the one instance, the claim is called a trial of the right of property, and in the other garnishment, we think the last is equally within the mischief intended to be eradicated by the statute. In our judgment the deposition of the witness was properly rejected.

3. The only other point to be examined, is that arising out of the charge of the court. It may be, and doubtless is true, as argued by the plaintiffs in error, that the papers and pleadings in a suit are always evidence of the facts admitted by them, but it cannot be assumed they are *so to* prove the precise matter in issue. Thus a plea of payment unaccompanied by one denying the cause of action, might properly be considered as evidence of the admission of the debt, but certainly could have no effect to prove the affirmative of the issue of non-assumpsit. Whatever weight the answer of the garnishee was entitled to in his own case, neither that or the other papers were evidence to prove the validity of the assignment by the debtor to those claiming to be his transferees. [Wyatt v. Lockhart, 9 Ala. R. 91.]

We are unable to see any error in the record. Judgment affirmed.