[Winslow v. Bracken.]

# Winslow *v.* Bracken.

## *Garnishment.*

1. *Issue between outside claimant and garnishing creditor; defects in original suits not allowed to defeat creditor.*—The issue arising between the garnishing creditor and one propounding a claim to the fund sought to be subjected, is collateral merely to the proceeding in the garnishment and original suits against the debtor, and the claimant can not avail himself of irregularities occurring in those suits to defeat the right of the garnishing creditor.

2. *Duty of attorney and validity of assignment under section 3078, Revised Code.*—Under section 3078, Revised Code, it is the duty of the attorney of record to assign to a surety a judgment he has paid, and the assignment is valid whether it is made by the attorney in the name of the client, or in his own name.

3. *Garnishment sued out by surety; what mere irregularity.*—Garnishment sued out in such a case, by the surety in his own name, instead of in the name of the plaintiff in the judgment, is at most an irregularity, which, if not objected to by the defendant or the garnishee, is waived, and can not be taken advantage of by the claimant.

4. *Admission of irrelevant testimony; when not ground for reversal.* What the garnishee stated in an oral examination as to indebtedness to defendant, is irrelevant to the issue arising between the claimant and the garnishing creditor; yet the admission of such testimony is no cause for reversal unless injury had resulted therefrom to the appellee.

5. *Purpose of section 2043, Revised Code; issue arising when claim propounded.*—The statute (Revised Code, § 2043) authorizing the claimant of a fund sought to be subjected, to propound it and contest the right of the garnishing creditor to it, was not intended to provide a method of testing the validity or superiority of rival transfers of the claim. The only issue arising, when a claim is propounded, is whether the claimant has a transfer of, or right to the demand, superior to the right of the garnishing creditor derived from the process.

6. *Transfer of claim; burden of proof on claimant.*—The *onus* of establishing the validity of the transfer of the demand, rests upon the claimant, and where he claims by transfer from a transferree, he is bound to prove both transfers, and to show that the first transfer was made prior to the service of the garnishment, for a valuable consideration, or if not founded on such consideration, he, for value, accepted a transfer from the original transferree.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. H. D. CLAYTON.

One D. R. Towns recovered a judgment againt one A. W. Mathews. Mathias Bracken, who was surety for said A. W. Mathews, paid the judgment, which was transferred to him by attorneys of Towns, with Towns' authority. Bracken now sues out a writ of garnishment against the administrators of the estate of John Mathews, deceased, of

which estate said A. W. Mathews was an heir. Said administrators, the garnishees, deny in their answer any indebtedness to said Mathews, and state that they were notified some twelve months before that said Mathews had transferred all of his interest to one Winslow. But upon oral examination of garnishees, they stated that they had still in their hands a certain amount of said estate, namely, one hundred dollars, the interest of said Mathews, but that W. A. Winslow claimed the same. The court thereupon ordered that said Winslow come into court at the next term and propound his claim, which was done by Winslow. The plaintiff, Bracken, introduced in evidence the judgment obtained by Towns against said Mathews, to which the claimant, Winslow, objected, because the garnishment was not sued out in the name of Towns, the plaintiff in the judgment, and that Bracken, the plaintiff in this suit, could not maintain an action of garnishment, on said judgment, in his own name. The objection was overruled and claimant excepted. Bracken then proved the transfer of said judgment to him from Towns, to which the claimant objected, because the said transfer was not made in the name of Towns, but by and in the name of the attorneys of Towns. This objection was overruled, and claimant excepted. The plaintiff was then allowed to prove the answer of garnishees and their statements on oral examination, as to their probable indebtedness to said Mathews, to which claimant objected, and excepted to the ruling of the court in admitting such testimony. Plaintiff then proved that, prior to Bracken's transfer to claimant, Mathews sold him (plaintiff) all of his interest in estate of John Mathews, deceased, and that the plaintiff still owned said interest. Plaintiff objected to this evidence, but was overruled, and excepted to its admission. The court then charged the jury, in effect, that the issue was "between the claimant, Winslow, and the plaintiff, Bracken; that in the absence of the claim, the plaintiff would be entitled to recover from the garnishees; but the garnishees having answered that the interest of A. W. Mathews was claimed by Winslow, and if Winslow can show that he is entitled to the amount, then the plaintiff can not recover, and this is the question for the jury to decide. Had the case rested with the sales and transfers from Mathews to Blackman, and from Blackman to claimant, and you had believed that such transfers were proved, the claimant would be entitled to your verdict. But if you believe that prior to such transfer to Blackman, the plaintiff, Bracken himself, bought the in-

(25)

terest of A. W. Mathews, then the claimant can not recover." The claimant then asked several charges which were refused, and exceptions taken, all of which rulings of the court are now assigned as error.

W. D. ROBERTS, for appellant.

——— ———, *contra.*

No briefs came to Reporter.

BRICKELL, C. J.—1. The issue which may be formed between the garnishing creditor, and the claimant of the debt, or demand, or fund sought to be subjected to the garnishment, is collateral to the suit against the debtor, and the suit by garnishment. It does not involve the regularity of the proceedings in either of those suits; and the purpose of compelling its formation and trial, is, the summary determination of the right of the claimant as against the garnisheeing creditor—whether his right is superior to that of the claimant. As in the analogous proceeding of the trial of the right of property, levied on by attachment or execution, the claimant cannot inquire into, or avail himself of mere defects or irregularities in the garnishment proceeding, though doubtless it would be permissible for him to show that it was void. It may be true that the garnishment was unauthorized—that while the appellee could under section 3078 of the Revised Code, have prosecuted a garnishment on the judgment, in the name of the plaintiff, notwithstanding its payment by him, he cannot prosecute it in his own name; yet, suing it out in his own name, is a mere irregularity, which is waived, if not insisted on, by the defendant in the judgment, or the garnishee. The appellant as claimant of the demand, sought to be subjected by the garnishment, in obedience to a citation to him, appeared, and in writing properly verified, propounded his claim. Though the record does not disclose the issue which was formed, we must presume it was a proper issue for the determination of the right of the appellant, especially as no objection to its form or character seems to have been made in the court below.

2–3. On the trial of the issue, the appellee offered in evidence the record of the judgment rendered against him and Matthews, and offered evidence to prove its transfer to him by the attorneys of record, of the plaintiff therein. To

the introduction of the record, the appellant objected on two grounds, which resolve themselves into an affirmation that the garnishment should have been sued out in the name of the plaintiff, in the judgment for the use of the appellee, and not in the name of appellee alone. We have said if this be true, it is a mere irregularity, available only to the defendant, Matthews, or the garnishee, and not to the appellee. The objections to the validity of the transfer of the judgment to the appellee, if the appellant could assert any, were not tenable. The statute expressly authorizes, and imposes it as a duty on the attorney of record, to assign to a surety a judgment he has paid, which is rendered against himself and principal.—R. C. § 3078. The assignment is valid and operative whether it is made by the attorney in the name of his client, or in his own name.

4. The evidence of the oral examination of the garnishee, and his admissions thereon, as to the extent of his indebtedness to the defendant, Matthews, was irrelevant to the issue. It is not possible that its introduction could have worked any injury to the appellant, and this being apparent, the error will not authorize a reversal.

5. The appellee should not have been permitted to introduce evidence that prior to the transfer under which the appellant claimed, Matthews the debtor, had transferred the claim in controversy to him. It is not intended that the proceeding which the statute authorizes to try the validity of a transfer, of a claim sought to be subjected by garnishment, shall become a mode of testing the validity or superiority of rival transfers of such claim. The right of the plaintiff is simply that of an attaching creditor, derived from the process entirely, and not from contract with the debtor. If the contesting claimant shows a transfer which prevails over the right derived from the process, he is entitled to judgment. The garnisheeing creditor, if he has a superior right by transfer from the debtor, must assert it in some appropriate mode, not by garnishment, which imports the right to the claim is in the debtor, or if he has parted with it, the transfer is inoperative as to creditors. The court was in error, in the admission of this evidence. For the same reason, the court was in error in the instruction, that if the appellee had purchased the interest or claim of the debtor, Matthews, before the transfer under which the appellant claimed, the appellant could not recover. We repeat this was an inquiry wholly foreign to the only issue the statute authorizes—whether the issue is of law, or of fact. That

[Dean v. Campbell.]

issue, is whether the claimant has a transfer of the demand, superior to the right of the garnisheeing creditor, derived from the process.

6.   The appellant, to support his claim, was bound to prove the transfer to Blackman by Matthews, and the transfer from Blackman to him.   The transfer to Blackman must have been prior to the service of the garnishment, and founded on a valuable consideration.   Or, if not founded on such a consideration, that without notice of its want of consideration, he for value accepted the transfer from Blackman.   The onus of establishing these facts rested on the appellant.   A transferree contesting with a garnisheeing creditor, must establish the validity of the transfer under which he claims, its consideration, and making before service.—*Camp v. Hatter*, 11 Ala. 151; *Scott v. Stallsworth*, 12 Ala. 25.   The first charge requested by the appellant was properly refused, because it would have authorized a verdict for him, though he had failed in establishing the consideration of the transfer to Blackman, or, if that was not shown, that he purchased for value in good faith from Blackman, without notice of the infirmity of his title.

The second and third charges requested were properly refused.   The issue is, the validity of the transfer under which the appellant claims.   The affirmative of the issue rests on the appellant.   It is not permissible for him to show that the right and title to the claim, is in any other person than himself.—2 Brick Dig. 480, § 67; *Lehman, Durr & Co. v. Warren & Burch*, manuscript.   There can be no doubt the demand now sought to be reached is subject to garnishment.—R. C. § 2947.

For the errors pointed out, let the judgment be reversed and the cause remanded.