# Clark & Coleman *v.* Few.

## *Garnishment.*

62 243
118 441
119 193

1. *Garnishment; claimant in, how must establish claim.*—The claimant of a debt sought to be subjected by garnishment, can not take advantage of irregularities in the process, or avail himself of the rights of others, with which he does not connect himself, though paramount to the claim of the garnishing creditor ; but must rely on the strength of his own claim, the burden of establishing it resting on him.

2. *Assignment; what valid.*—The generality of description of property intended to be conveyed by the assignment for the benefit of creditors, does not affect its validity, when, by parol evidence, a definite application of the terms may be made.

3. *Garnishment; what garnishing creditor may show.*—Where the claimant of the fund is entitled only to the individual property of the debtor, the garnishing creditor may show, by parol, that although the debt is evidenced by judgment against the garnishee in favor of the debtor individually, the debt was in fact the property of a partnership, and held by the defendant in trust.

APPEAL from Greene Circuit Court.

Tried before Hon. LUTHER R. SMITH.

The original suit in this cause was commenced by the appellee, A. S. N. Few, against one Kirksey, and was founded on an indebtedness of Kirksey & Carpenter, a firm of which Kirksey had been a partner, and of which he was then the assignee in liquidation, and a judgment was thereon rendered against Kirksey. Garnishments were issued and served on F. P. Snedecor and W. G Little, as administrators of the estate of Joseph J. Little, deceased, and on Snedecor & Cockrell. Snedecor and Little, as administrators, answered that a judgment had been obtained against them as such administrators, by Kirksey, on a claim due the firm of Kirksey & Carpenter for a large sum; that the estate of their intestate had been duly declared insolvent, and said judgment certified to the probate court; that a partial distribution of the insolvent estate had been made, and the amount allowed in said claim had been paid to Kirksey; that there were assets in their hands for distribution, in which Kirksey would be entitled to his ratable share, and at the same time suggested that the appellants, Clarke & Coleman, claimed the same as the assignees of said Kirksey.

Snedecor & Cockrell answered that, as attorneys, they held certain claims which belonged to Kirksey & Carpenter, and set up a similar claim by the appellants.

The claimants objected to so much of the answer of the garnishees as asserted that the funds in their hands belonged to the late firm of Kirksey & Carpenter and not to Kirksey individually, because they were illegal and irrelevant; in this, that Few, by his suit and judgment against said Kirksey on an account against Kirksey & Carpenter, had elected to make and had made said account and judgment the several and individual liability of said Kirksey; but the court overruled the said objections to each of said answers and allowed them to be read in evidence, and the claimants excepted. The plaintiff also introduced in evidence the record of the allowance of the claim against the insolvent estate of Joseph J. Little, deceased, which recites that the judgment in favor of Kirksey, on which the claim was based, "was shown by the record and files, and by parol proof, to have been founded on an account in favor of the late firm of Kirksey & Carpenter against the estate of Joseph J. Little," and "that the claim is allowed in favor of Kirksey as assets of said firm." To this evidence the claimant objected, but the court overruled the objection and admitted the evidence, and the claimant excepted. F. P. Snedecor testified that the late firm of Kirksey & Carpenter did a commission business in Mobile,

Alabama, and was composed of said Kirksey and one Car-
penter, and that said firm failed in the year 1872, and that
after such failure, at a meeting of the creditors of said firm,
Kirksey was selected as assignee. The judgment in favor of
Few originated in this manner: After the death of J. J. Little,
in 1872, the crop of cotton raised by him in 1871, was ship-
ped by him as administrator to Kirksey & Carpenter. In
this cotton the negro laborers on the place held a third inter-
est, which had not been divided. This claim of the laborers
was transferred to Few, in payment of advances made to
them by him ; and Kirksey & Carpenter had never accounted
for the third interest in said cotton, which had been trans-
ferred to Few. To the introduction of this evidence the
claimants objected, as illegal and irrelevant, but the court
overruled the objections and admitted the evidence, and
claimant excepted. The claimants based their claim to the
funds in controversy on a deed of assignment executed to
them by Kirksey. This deed of assignment transfers all the
property of Kirksey, of every kind and description, "except
so much or such part thereof as is exempt by law from levy
and sale under execution, or is exempt as a homestead."
Schedules were attached, which recite that they embrace all
the property of the assignor "so far as remembered"; and
the deed expressly stipulates, "that if by inadvertence or
mistake, or otherwise, any of said individual property of the
said Foster M. Kirksey shall be omitted from said schedule,
said property or effects so omitted are hereby, nevertheless,
conveyed and assigned." This was, in substance, all the evi-
dence, and the court, at the request of the plaintiff, charged
the jury "that if they believed the evidence, they must find
for the plaintiff." To this charge the claimants excepted.
There was a verdict and judgment for the plaintiff, and the
claimants bring the case here, by appeal, assigning as error
the rulings of the court in the admission of evidence and the
charge given.

T. W. COLEMAN and ENOCH MORGAN, for appellants.

CHARLES COOK, contra.

BRICKELL, C. J.—When a garnishee, by his answer or
at any time before a final judgment against him, alleges that
he has been notified that a third person claims the title to,
or an interest in, the debt he may have admitted to be owing
from him, or the property he may have admitted to be in his
possession, the court is bound to suspend proceedings against
him, and cause notice to be issued to such claimant to appear

[Clark & Coleman v. Few.]

at the next term, and contest with the garnisheeing creditor the right to the debt or property. On his appearance he must be required to propound his claim in writing and under oath, and the creditor must take issue of law, or of fact, thereon. The validity of the claim interposed, must be averred by the claimant and the burden of establishing it rests upon him.—*Scott v. Stallsworth*, 12 Ala. 25; *Camp v. Hutter*, 11 Ala. 151; *Brooks v. Hildreth*, 22 Ala. 409. It may be the demand is not the subject of garnishment, or that third persons, who are strangers to the proceedings, have rights or equities which would prevail over the garnishment. Or, it may be the garnishment is irregular, and if these irregularities were complained of, by the party affected by them, the garnishment could not be sustained. These are matters not involved in the contest between the claimant and the garnisheeing creditor. The garnishment not being void, the claimant can not take advantage of the irregularity, or support his intervention and claim by interposing the rights and equities of strangers, they may be willing to waive; or, whether willing to waive or not, they do not interpose. It is the strength of his own claim, and not the weakness of the creditor's, when compared with some other, which concerns him. What are the rights of the copartner of the judgment debtor Kirksey, or of the creditors of the partnership, to the debt in controversy, is not to be considered. The inquiry is limited to the validity of the assignment, under which the appellants, who were claimants in the court below, deduce title to the debt, and whether that assignment embraces the debt.

The assignment is general, embracing all the individual property of the assignor (the judgment debtor,) not by law exempt from liability for payment of the debts, for the security and payment of his individual debts. The terms of the assignment are very broad, and intended to cover "all the property, real, personal, and mixed," not exempt, of the assignor. Schedules of the property, *so far as remembered,* are annexed, and from part of the assignment, but it is expressly declared : *if by inadvertence, or mistake, or otherwise, any of said individual property of the said Foster M. Kirksey, shall be omitted from said schedule, said property or effects so omitted is nevertheless hereby conveyed and assigned.* The *bona fides* of the assignment is not controverted. The generality of the description of the property intended to be conveyed by the assignment for the benefit of creditors, does not affect its validity, when by the aid of parol evidence, a definite application of the terms may be made.—*Brashear v. West*, 7 Pet. 608; *Robinson v. Rapelje*, 2 Stew. 86; *Pope v.*

*Brandon*, Ib. 401 ; *Tarver v. Rolfe*, 7 Ala. 873 ; *Brown v. Lyon*, 17 Ala. 638. Though the schedule annexed to the assignment does not embrace the demand sought to be reached by the garnishment—and though it embraces certain choses in action and credits of the assignor, if the demand is the individual property of the assignor, it passes to the claimants. The assignment is not limited and restrained to the property enumerated in the schedules. It is by its terms, and in all its purposes and objects, *a general assignment*, embracing not only the property enumerated in the schedules, but any and all the *individual property* of the assignor, not enumerated, which from any cause may have been omitted from the schedules.—Burrill on Assignment, §§ 134–139.

The point of contention is, whether it was permissible for the garnisheeing creditor to show by parol, that though the judgment stands in the name of Kirksey, as plaintiff, he was but a trustee, and that it was in fact a partnership demand, not passing by, or intended to pass by, the assignment. The assignment operates on the *individual* property of the assignor only—that which could be subjected to the payment of his *individual debts;* not that which he may hold as trustee, nor that which can not, by legal process, be subjected to the payment of such debts—that which is his separate property, as distinguished from that which is partnership property. The conclusiveness of judgments is indisputable. It is certainly true, as between Kirksey and the defendants in the judgment, the judgment conclusively establishes that its amount was legally due to him and not to another. The principle is not infringed by the admission of evidence showing that the claims on which the judgment was founded were due to Kirksey, not individually, but as a trustee for the partnership creditors. Such evidence is not contradictory, but explanatory of the general words of the record, which do not declare whether the claims or the judgment are the individual property of the plaintiff, or held by him in trust. Beside, the principle itself applies only when the controversy is with parties or privies to the record, and does not affect third persons, strangers to the record. The evidence showing Kirksey had and claimed the judgment, not as his individual property, but as a trustee only for the partnership creditors, it was not embraced by the assignment to the appellants. As they had no claim to it, to them it is not material, that if the partnership creditors had intervened, it could not have been subjected by the garnishment. It is the strength of their own title on which they must rely. The rulings of the Circuit Court are not erroneous, and its judgment is affirmed.