MANSUR & TIBBETTS IMPLEMENT COMPANY *v.* WOOD.

Opinion delivered January 16, 1897..

ASSIGNMENT—SUFFICIENCY OF DESCRIPTION OF PROPERTY.—A general
description of property in a deed of assignment for creditors, suf-
ficient to identify it, is not vitiated by a reference, for a further
description, to a schedule annexed, which contains no description
of such property.

SAME—TIME OF SALE.—An assignment for creditors is not void
because it requires the property assigned to be sold by the assignee
within 120 days from its date, instead of from the giving of the
bond, as required by the statute, where the deed and bond were
executed and filed on the same day.

SAME—RESERVATION OF PROPERTY.—An assignment for creditors is
not void because it withholds the assignor's homestead, even
though such homestead exceeds in value the legal homestead.

Appeal from Drew Circuit Court.

MARCUS L. HAWKINS, Judge.

STATEMENT BY THE COURT.

On the 21st November, 1894, R. W. Shelton, of
Monticello, made an assignment for the benefit of his
creditors. Plaintiff herein attached, and the assignee,
Wood, intervened, claiming the attached property under
and by virtue of his deed of assignment; and his inter-
vention was sustained in the court below, and plaintiff
appealed, relying for reversal of the judgment on three
several grounds, to-wit :

"(1) The deed of assignment is void as to certain per-
sonal property, which it purports to convey, because a
schedule of the property is referred to for description
of same, but no schedule, except of notes and accounts,
is attached. (2) The deed is void because it provides that
the assignee shall sell the property within 120 days from
the date of the deed, the statute requiring that the

property be sold within 120 days after the execution of the bond.  (3)  The purchase of the livery stable property by Kerr at the foreclosure sale made after the assignment, and after the levy of the attachment, crediting the amount of his bid—less the amount paid Miles to lift the first mortgage—on the purchase-money note due from Shelton to Kerr for the town property on which Shelton lived, and for which he held Kerr's bond for title; Kerr's deeding to Shelton a part of his residence property within the constitutional homestead limit as to area, and taking the remainder back, delivering up to Shelton his note, and receiving his bond for title, and taking immediate possession of the residue of the residence property and of the livery stable, and receiving the rents and profits therefrom; and Shelton's failure to include any part of the residence property, or of the rents and profits of the livery stable property, in his deed of assignment,—constitute a fraud against the creditors, and render the deed of assignment void."

*Wells & Williamson* for appellant.

Where a deed of assignment purports to convey all of the debtor's property, and refers to a schedule as thereto attached, and no schedule is annexed, the deed is inoperative.  23 Ark. 1.  The personal property did not pass by the deed.  A deed of assignment which provides for a sale at a time different from that provided by statute is void.  37 Ark. 150; 47 *id.* 367; 52 *id.* 30.  The deed requires a sale within 120 days from the date of the deed, while the statute provides for a sale within 120 days after the execution of the bond.  The withholding of property from creditors, even under guise of a homestead, is a fraud, and vitiates the deed.  27 Kas. 375; 25 Pac. Rep. (Cal.) 415; 47 N. W. Rep. (Iowa) 60.  The rule in cases of excess of homestead, upon which there is incumbrance, is to charge the incumbrance *pro rata*

against both the homestead value and the excess. 40 Ark. 102; 31 *id.* 91; 57 Mo. 380; 50 Vt. 345; *id.* 700; 33 Cal. 225; 121 Mass. 19; 75 Tenn. 319; 48 Pa. 315.

*Z. T. Wood* for appellee.

1. The description in this case is sufficient without the schedule. 39 Ark. 329, 394; Burrill on Assignments, p. 187.

2. The bond was filed on the same day the deed was executed.

3. A debtor may make a partial assignment of his property. The omission to include a homestead or more than a homestead is not fraudulent, unless done with intention to defraud or mislead.

*Dan W. Jones & McCain* for appellee.

The actual transfer and delivery indentified the property, and supplied the place of a schedule. 124 U. S. 505. But really no schedule was necessary. 39 Ark. 330, which virtually overrules 23 Ark. 1. It was not unlawful for the debtor to try and save his homestead, 39 Ark. 571; 31 Ark. 203.

Sufficiency of description in assignment. BUNN, C. J., (after stating the facts.) The deed of assignment, in the general description of the personal property, except evidences of indebtedness, sufficiently points out the property to make its identity easily determined. At least, the description is just such as is usual in the cases of tangible personal property, and the notes and accounts are minutely set forth in the schedule attached. Burrill on Assignment, § 138, after reference in the preceding section to cases which sustain the position of appellant's counsel in this case as to reference to the schedule, has this to say: "In the earlier cases in New York this doctrine was applied, but in the later cases the principle of construction, prohibiting a false or erroneous addition from vitiating what had been previously sufficiently and fully described as a portion

of the subject-matter intended to be transferred by the instrument, has been regarded as the correct rule of construction in such cases. Thus, in the case of *Turner* v. *Jaycox*, 40 N. Y. 470, where the transfer was of 'all and singular the lands, tenements and hereditaments situate, lying and being in the state of New York, and all the goods, chattels, merchandise, bills, bonds, notes, book accounts, claims, demands, choses in action, judgments, evidences of debt, and property of every name and nature whatsoever of the said parties of the first part, more particularly enumerated and described in the schedule hereto annexed, marked Schedule A,' and no allusion was made in the schedule to any of the tangible personal property of the assignors, it was held that such property passed under the previous general description." The facts of the case cited in the text, and the facts in the case at bar, render the authority more precisely in point than it is ordinarily possible to find in the search for precedent. To the same effect is the ruling in the case of *Clark* v. *Few*, 62 Ala. 243. So also is the ruling in the case of *Knefler* v. *Shreve*, 78 Ky. 297.

This disposes of the first objection raised. The second contention, that the deed provided for the sale of the property within 120 days from the date thereof, instead of "within 120 days from the giving of the bond by the assignee, as required by statute," is not well grounded in this case, because, as a matter of fact, as we gather from the argument of counsel, and inferentially at least from the record, the deed of assignment was executed and filed for record on the 21st November, 1894, and the bond of the assignee was executed and filed on the same day. So the error complained of was at most a mere *lapsus pennæ*, neither injuring any one, nor calculated in any sense to work an injury or to do violence to the statute. Evidently, in this matter, there

*As to time of sale.*

was no intention to avoid the directions and mandates of the statute ; and so we cannot sustain the second objection.

As to reservation of property.

The third objection rests mainly on the idea that, this being a general assignment of all the debtor's property for the benefit of his creditors, the withholding of the homestead property, especially that portion which was in excess of the legal homestead, was a fraud upon creditors. In so far as this homestead property is concerned (both as to the legal homestead and the excess), this was not an assignment of all the debtor's property, for this property was specifically and expressly reserved from the operation of the assignment. There is no rule compelling one to convey all his property in a deed of assignment. If he pretends to do so, and intentionally does not do so, and thereby misleads and deceives his creditors to their hurt, or any of them, then the case may be different. In this case every act done appears to have been done above board, and the objection cannot be sustained.

We see no objection to the giving of the second mortgage on the livery property to Kerr some time before the assignment, nor to his foreclosure of the same, nor to his taking possession of that property under the mortgage; and the appropriation of the proceeds of the sale under the second mortgage, after satisfying the senior mortgage, and the conveyance of the legal homestead and reconveyance back of the excess of the homestead lot, present no issues for our consideration in this proceeding, if such could be presented in any case.

Seeing no substantial error in the proceedings or judgment of the court below, the same is affirmed.