(85 South. 738)

## CENTRAL BANK & TRUST CO. v. ALABAMA BROOM & MATTRESS CO.
### (8 Div. 236.)

(Supreme Court of Alabama. June 10, 1920. Rehearing Stricken June 30, 1920.)

1. **Garnishment ⬦⟹216, 218—Claimant must allege and prove validity of claim.**

One who claims a debt, or money, or effects, in the hands of a garnishee as against plaintiff in garnishment, under Code 1907, §§ 4328, 4329, must allege and prove that he has a valid claim thereto.

2. **Garnishment ⬦⟹201 — Claimant, when transferee of defendant, must show transfer before service.**

Where transferee of a defendant in garnishment claims the fund garnished, he must show that the transfer took place before the service of the garnishment.

3. **Evidence ⬦⟹20(2) — Notice not taken of banking hours.**

In suit in Alabama, court cannot take judicial notice of banking hours in Nashville, Tenn.

4. **Garnishment ⬦⟹218—Evidence held insufficient to show that transferee of defendant took prior to service of garnishment.**

In an action by buyer against seller for breach of contract in which proceeds of draft drawn by seller on buyer in hands of a bank as collecting agent was garnished, and collecting bank claimed title to proceeds by discount of draft, evidence *held* insufficient to show that discount took place prior to service of garnishment.

5. **Evidence ⬦⟹94—Burden of proof not satisfied by showing it might have been.**

It is not enough for one who has the burden of proving a fact to merely show that it may have been, but he must go further and furnish some logical basis for the inference that it was or is.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

The Alabama Broom & Mattress Company began by attachment an action against the Nashville Broom & Supply Company and served garnishment upon the Huntsville Bank & Trust Company. The Huntsville Bank & Trust Company answered that it had in its possession certain money, the proceeds of a draft, drawn by the Nashville Broom & Supply Company on the Alabama Broom & Mattress Company, and indorsed by the Central Bank & Trust Company, and that it had been notified that the fund was claimed by the Central Bank & Trust Company. The Central Bank & Trust Company filed claim to the fund, and on the trial there was judgment for the plaintiff in garnishment, and the claimant appeals. Affirmed.

On May 4, 1917, the plaintiff in garnishment paid a draft drawn on it by the Nashville Broom & Supply Company for the price of a car of broom corn. This draft was delivered to the Central Bank & Trust Company of Nashville on April 30, 1917, for collection, and by it forwarded to the Huntsville Bank & Trust Company, to whom it was paid as collecting agent. Alleging that the quality of the corn was not as stipulated, and that the seller was indebted to the plaintiff for the difference in value—substantially the amount of the purchase price—the plaintiff filed its complaint against the Nashville Broom & Supply Company, and sued out a writ of garnishment on May 4, 1917, which, as shown by the sheriff's return, was served on the Huntsville Bank "on May 4, 1917, at ——— p. m." The Huntsville Bank answered, denying indebtedness, but admitting that it had in its possession $3,215.18 proceeds of the draft, and alleged that it had been notified that the Central Bank & Trust Company claimed title to this fund. The Central Bank & Trust Company propounded its claim, and issue was taken thereon. The testimony for the claimant bank showed that after its receipt of the draft for collection the account of the Nashville Broom & Supply Company became overdrawn, and an officer of the Nashville Bank and an officer of the broom company, on May 4, 1917, arranged for the discount of the draft by which its proceeds were credited to the account of the Nashville Broom & Supply Company. No testimony was offered to show at what hour of the day the discount of the draft was made, nor what were the hours of business of the Nashville Bank, nor was any testimony offered to show at what hour p. m. the writ of garnishment was served on the Huntsville Bank. The trial Court directed a verdict for the plaintiff on request, and refused a like request for the claimant.

Cooper & Cooper, of Huntsville, for appellant.

The court erred in directing a verdict for the plaintiff, and should have directed a verdict for the claimant. 146 Ala. 691, 40 South. 503; 9 Ala. App. 322, 63 South. 776; 118 Ala. 412, 24 South. 389; 108 Ala. 132, 19 South. 14; 196 U. S. 283, 25 Sup. Ct. 243, 49 L. Ed. 482; 5 Wall. 663, 18 L. Ed. 704; 172 Mass. 363, 52 South. 387; 7 C. J. § 314; 2 Michie on Banks, §§ 126, 127.

David A. Grayson, of Huntsville, for appellee.

There was no error committed by the court in directing the verdict for the plaintiff in garnishment. 11 Ala. 151, quoted in Bankers' Magazine, August, 1918, 2d issue, page 144.

SOMERVILLE, J. [1, 2] One who claims a debt, or money, or effects in the hands of a garnishee, as against the plaintiff in garnish-

---

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment, under the provisions of sections 4328 and 4329 of the Code, must allege and prove that he has a valid claim thereto. Clark v. Few, 62 Ala. 243. And when he claims as a transferee of the defendant in garnishment, he must show a transfer before the service of the garnishment. Winslow v. Bracken, 57 Ala. 368; Camp v. Hatter, 11 Ala. 151; Scott v. Stallsworth, 12 Ala. 25.

. On the evidence shown by the record, the burden was upon the claimant bank to show that it discounted the draft and acquired a title to its proceeds at an hour of the day on May 4, 1917, which was anterior to the hour at which, on the same day, the writ of. garnishment was served on the Huntsville Bank.

[3, 4] We have no judicial knowledge as to banking hours in Nashville, which may have extended to 4 o'clock p. m. But, even if we could assume that the discounting transaction occurred before 2 o'clock p. m., there would still be an absence of evidence to show that this was prior to the service of the garnishment at some time after 12 o'clock m. Obviously, the one may have occurred about 2 o'clock p. m., and the other about 12:05 o'clock p. m., and the question of priority is one of pure conjecture, unaided by any tendency of the evidence.

[5] It is not enough for one who has the burden of proving a fact to show merely that it may have been. He must go further and furnish some logical basis for the inference that it was or is. Southworth v. Shea, 131 Ala. 419, 421, 30 South. 774; Mobile L. & R. Co. v. Roberts, 192 Ala. 486, 488, 68 South. 815.

From this view of the case it results that the trial judge properly gave the general affirmative charge for the plaintiff, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes