* Parsons, C. J.
By our law, as well a debtor as he who is bound to indemnify another against an engagement entered into for his use and at his request, may, without question, secure his creditors and his sureties by pledging his property, or by conveying it in trust for their use, with their consent, so that the same be done honestly and fairly ; for the existing debt, or the engagement by the surety, is a valuable consideration, and such security oi trust is repugnant to no principle of public policy. If such security, so pledged or conveyed in trust, be delivered over agreeably to the conveyance, and if the security be not manifest!} *281 excessive, and greatly more than adequate to the debt or indemnity, no injury is done to other creditors, if there be a stipulation that the surplus over the debts and indemnities shall enure to the use of the debtors.
For, at common law, every man might prefer any creditor, and might pledge his property, and convey it in trust, so that no fraud resulted to others; and if he stripped himself of all his property in favor of any one creditor, leaving himself quite destitute, no other creditor had legal cause of complaint, if the transaction was honest, and for a valuable consideration. This right in a debtor is founded on the acknowledged principle, that he may prefer or secure any one creditor in a way that is not a fraud on another.
But, in consequence of our statutes authorizing attachments, and of our want of a chancery jurisdiction, it has been several times settled that a debtor cannot convey his estate in trust, for his creditors generally, without their consent given to such conveyance ; but to creditors consenting, and parties to the conveyance, he may grant all his estate, for the payment of their debts, or to secure them indemnities, if thereby he exercise only his right of preference, and do not defraud others.
But when the conveyance is in trust for all the creditors, generally, without their assent, a creditor is not bound, but may proceed by way of attachment; for, being no party to the conveyance in trust, he can have no remedy upon it * at [ * 343 ] law, and there is no equitable jurisdiction, to which he may apply. (1)
We make no distinction between a conveyance to creditors with their assent, whether it be by way of pledge, or in trust for their use, for we know no reasonable foundation for any such distinction. Goods may be pledged to a creditor, to be redeemed on payment of the debt, and with liberty to the creditor, on failure of redemption, to sell the pledge, pay himself, and account for the surplus to the debtor. When the creditor exercises this liberty, he becomes a trustee; and the debtor may at all times waive his right to redeem, if he is to have the surplus.
The same principle must apply, whether the debtor pledges the goods separately to a single creditor, or jointly to several creditors, with the liberty to sell, pay themselves, and render an account, on *282 failure of redemption, unless the right to redeem be waived. And on similar grounds we make no distinction between a pledge given, or a trust created to secure to sureties an indemnity against their liabilities. For undoubtedly a single surety might be secured by a pledge, with liberty to sell if damnified, accounting to the pledgor for any surplus.
Otis and Jackson for the plaintiffs.
Dexter and Prescott for the defendant.
In the application of these principles to the case before us, there appears to be a valuable consideration for the conveyance ; and there is no trust, expressed or implied, for the grantors, except the accountability of the grantees for an eventual surplus, which may be secured by attachment, at the suit of any other creditor, and is, therefore, not a fraud on any creditor. Nor are the other creditors delayed or defeated of the recovery of their demands, but as a consequence of the legal right of a debtor to prefer any creditor or creditors at his option.
A debtor may, if he pleases, convey all his effects for the use of any particular creditors; and if the effects are delivered over, such conveyance may be bond fide; and when no time is fixed for the grantees to apply the proceeds and render an account, the law requires them to execute the trust in a reasonable time.
[ * 344 ] * When schedules of the effects conveyed, or of the amount of the debts, or of the liabilities to be indemnified against, are not made at the time of the grant, although, primd facie, this may furnish a presumption of fraud, yet this presumption' may be removed by the facts attending the transaction. And the facts agreed in the case at bar remove this presumption ; for a schedule was to be made out as soon as might be, and also an account of the debts and liabilities, which, if disputed, were to be arbitrated.
Upon a view of all the facts agreed, and of the whole transaction, so far as it has been laid before us, we see no fraud to impeach the conveyance, as against creditors not parties to it. And it is our opinion that the verdict must be in favor of the plaintiffs; and, when amended conformably to the agreement of the parties, will entitle them to judgment upon it.

 [There seems to be no difference, in that respect, between a conveyance for the benefit of certain creditors, who become parties to the indenture by executing it, and a conveyance in trust for all the creditors, whose assent will be presumed, unless the contrary appear. The latter species of conveyance is valid both in law and equity. Halsey vs. Whitney, 4 Mason, 206.— Brooks vs. Marbury, 7 Wheat. 556. —11 Wheat. 78.— Wheeler vs. Sumner, 4 Mason, 183. — Brashear vs. West, 7 Peters, 608. — Pickstock vs. Lyster, 3 M. & S. 371 — Ed.]