Howard v. Card & tr.

## Howard vs. Card, & Trustee.

A creditor, whose debt is secured by the pledge of goods in his hands of greater value than the amount of the debt, but without power to sell, cannot be holden as the trustee of the debtor for the surplus, in the absence of any fraud.

The facts in this case appear in the opinion of the Court which was delivered by

Mellen C. J. *Kent*, the supposed trustee, states that *Card* was indebted to him in the sum of $70,56 ; and that prior to the service of the process, he had pledged to him certain articles of furniture, valued at about $164, but which he thinks would not bring at auction one half of this amount. There was no agreement that *Kent* might sell the furniture, thus pledged to him as collateral security for the debt due from *Card*. Is *Kent* on these facts a trustee? It is said that he is, on his own calculation, as *half* the value of the furniture, as estimated, is more than the amount of the debt. He declares, however, it is not worth so much as half, in his opinion. But he contends that he cannot be adjudged trustee, until it shall be known that there is a surplus ; which can only be ascertained by a sale ; which he has no right to make. In *Stevens & al. v. Bell*, 6 *Mass.* 339, *Parsons C. J.* says, " Goods may be pledged to a creditor, with liberty to sell the pledge, pay himself, and account for the surplus to the debtor ; when the creditor exercises this liberty he becomes a trustee." In *Badlam v. Tucker & al.* 1 *Pick.* 389, it is said that where, by agreement of parties, the pledge is sold, the trustee process may afford a remedy to a creditor ; " but where there is no

45

agreement that the mortgagee shall sell the mortgaged property, he cannot be compelled to do it, and would not be chargeable as trustee." In the case of *Swett & al. v. Brown & al.* 5 *Pick.* 178, the court held that the trustee had no lien on the property ; though at the same time the Chief Justice observed that if he had a lien, *he was* nevertheless liable to the process, so that the plaintiff's attachment would hold. This observation, however, has no connexion with the point decided. Besides, according to the case of *Maine Fire & Mar. Ins. Co. v. Weeks & tr.* 7 *Mass.* 438, *Card* could not maintain any action against *Kent* at the time the writ was served ; and on this general ground the trustee relies. This principle has several limitations. *Staples v. Staples & tr.* 4 *Greenl.* 532, and cases there cited. If, in case of property pledged, without authority to the pawnee to sell, the rights of creditors are not sufficiently secured, where such property is of much more value than the amount of the debt, it is a subject deserving legislative consideration. Such consideration it has received in Massachusetts, and at the last session of the legislature there a law was enacted for the purpose of better defining and securing the rights of creditors in such cases. We can only administer the law as we find it.

*Trustee discharged.*