## STURGES *against* SHERWOOD.

Under the 124th section of the statute regarding crimes and punishments, the magistrate is authorized to take a recognizance from the accused, not only *to keep the peace and be of good behaviour,* but also, *to appear before the next county court and abide the judgment and order of that court;* and if he do not so appear, it is a forfeiture of the recognizance.

THIS was a *scire-facias,* brought by *Jeremiah Sturges,* Esq., treasurer of the county of *Fairfield,* against *Orrin Sherwood,* on a recognizance, entered into by the latter, to keep the peace.

The *scire-facias* stated, that the defendant had been arrested upon process, issued by a justice of the peace, on the complaint of *Stephen Silliman,* charging the defendant with having assaulted and beaten the complainant, and with having threatened that he would further beat, wound and kill him; and that the complainant had just cause to fear that he would do so; demanding sureties of the peace and good behaviour; that the justice, upon enquiry, found the defendant *guilty* of the facts charged in the complaint, and ordered, that he should become bound to the treasurer of the county of *Fairfield,* with sufficient surety, in a recognizance of 750 dollars, conditioned that he should appear before the county court then next to be holden in that county, and abide the judgment and order of said court; and that he should, in the mean time, keep the peace, and be of good behaviour towards all the citizens of the state, and especially towards the complainant: that the defendant, with surety, entered into the recognziance required: that certified copies of the complaint, and subsequent proceedings, were duly returned to, and entered in the docket of, the county court; but the defendant and his surety made default of appearance: and that the recognizance thereupon became, and was declared to be, forfeited.

To this *scire-facias* there was a demurrer; and the case was thereupon reserved for the advice of this court.

*Dutton* and *Loomis,* for the plaintiff, contended, That the recognizance was properly and legally taken. The offence charged in the complaint was one of which the county court has cognizance. It is authorized to " make further order

relating to the subject matter of said offence."    *Stat.* 173. *s.* 124. (ed. 1838.)    Now, the course taken was the only one, by which " the subject matter" could regularly be brought before that court.    This, also, is in accordance with the immemorial and well established practice ; nor is it known, that its correctness has ever been questioned before.

*Morris,* for the defendant, contended, 1. That the clause in this recognizance requiring the defendant *to appear before the county court, and abide the judgment and order of said court,* was not authorized by the statute on which this proceeding is founded.    The 124th section of the "Act concerning Crimes and Punishments," authorizes the justice, if he finds the complaint supported, to " require sureties of the peace and good behaviour from the person complained of ;" and if this requirement is complied with, there the authority of the justice ends.    The statute gives him no authority to superadd other stipulations : it says not a word about binding over to the county court.    It is true, the county court, upon a proper application, may discharge the recognizance, or suffer it to remain, as they, in view of " the subject matter," may think proper ; but this has no bearing upon the *terms* of the bond.

2. That a recognizance, in part unauthorized by the statute under which it was taken, is altogether invalid.    *Billings* v. *Avery,* 7 *Conn. Rep.* 236.    *Darling* v. *Hubbell* & al. 9 *Conn Rep.* 350.

3. That if otherwise, a non-compliance with the unauthorized stipulations, is not a breach for which damages can be recovered.    Here, the order of the justice was complied with ; the defendant gave the bond required ; and it is not shewn, that he failed to keep the peace and be of good behaviour.

CHURCH, J.    It is objected to the recognizance, that it is void, because the justice of the peace had no right to bind the accused over, to appear before the county court.

The statute under which the justice acted, empowers a magistrate to require sureties of the peace ; and upon refusal, he is authorized to commit the accused to the common jail, there to remain until discharged by due course of law ; or until the next session of the county court in said county ; " which court may make further order relating to the subject matter of said offence."

It should be recollected, that the proceedings authorized by this section of the law, were intended to prevent the commission of a crime anticipated, rather than to punish a crime committed. And therefore, the legal proceedings commenced were intended to be continued to await the result of the conduct of the accused. And the county court were authorized to make further order in the matter, as it might to them seem proper, upon further enquiry ; and either continue the restraint or the recognizance, so long as danger continued, or discharge the accused from both, when the danger should cease. But it is very evident, that the county court can exercise no such discretionary power, unless the legal proceedings instituted before the justice have been transmitted to them, and the accused is before them to be heard. It would defeat the purpose of the law, in this respect, if the justice had no other power than to commit the accused to prison until the next county court, upon his refusal to procure bonds for good behaviour ; for we do not very well see how that court could continue him there longer, without further enquiry, and without either process or person before them ; and if they could not, he is to be discharged, to put the life or limbs of the complainant again in jeopardy.

The authority of requiring sureties of the peace and good behaviour, was first conferred upon magistrates, in 1698, by a statute, in its terms much less explicit in regard to the power of binding over, than the present one ; and yet, we believe, this course has been pursued in cases like the present, from time immemorial and without objection.

The defendant has relied upon the case of *Darling* v. *Hubbell*, 9 *Conn. Rep.* 350. to sustain him in his demurrer ; but that case condemns him. The statute upon which the proceedings there were attempted to be justified, gave no power to the county court, nor any other tribunal than the justice himself ; and it prescribed the precise duty of the justice of the peace to be,—upon a refusal to procure the bond required, to commit the accused for thirty days. And this court, in giving its opinion in that case, make the proper and clear distinction between that case and this, and say : " By this statute, (that is, the one upon which the process there had been issued,) the justice may order the offender to find surety, and upon non-compliance, may imprison him for a term

*Fairfield,*
June, 1842.

Sturges.
*v.*
Sherwood.

not exceeding thirty days.   It does not (like the statute in this case,) authorize the magistrate to bind over until discharged in due course of law, or empower the county court to make further orders upon the subject." 9 *Conn. Rep.* **354.**

We advise the superior court that the *scire-facias* is sufficient, and that the demurrer be overruled.

In this opinion the other Judges concurred.

Judgment for plaintiff.