RICHARD L. WALKER v. T. E. NEWLIN, *as Assignee of A. A. Estlin.*

1. DEED OF ASSIGNMENT, *When not Void.* A deed of assignment, describing the property assigned as "my stock of goods now on hand in store in the building on Main street, in Council Grove, Morris county, state of Kansas, and in the frame store building on Main street, in Winfield, Cowley county, state of Kansas, where I now do business," is not void because of uncertainty in the description of the property assigned, and especially not where the assignee had no difficulty in finding the property assigned.

2. ———— *Such Deed, When Operative.* A deed of assignment drawn up, signed and acknowledged on June 19, 1877, but not delivered until July 2, 1877, took effect July 2, 1877, and not before.

3. ———— Some other matters discussed in the opinion.

*Error from Cowley District Court.*

REPLEVIN, brought by *Newlin*, as assignee of A. A. Estlin, against *Walker*, sheriff of Cowley county, for the recovery of certain goods and chattels. The opinion contains a sufficient statement of the facts. At the December Term, 1877, of the district court, plaintiff had judgment against defendant, who brings the case here.

*Leland J. Webb*, and *Charles C. Black*, for plaintiff in error.

*Hackney & McDonald*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by T. E. Newlin against Richard L. Walker, for the recovery of certain goods and chattels. Newlin claims the goods by virtue of a certain deed of assignment executed by A. A. Estlin, transferring the goods to him for the benefit of Estlin's creditors. Walker, who is sheriff of Cowley county, Kansas, claims the goods by virtue of four certain orders of attachment issued in suits brought by certain creditors of the firm of A. A. Estlin and L. R. Norton, as A. A. Estlin & Co.,

which orders of attachment Walker levied upon said goods prior to their being replevied. Judgment was rendered in favor of the plaintiff in the court below, and the defendant, now as plaintiff in error, brings the case to this court for review.

The defendant (plaintiff in error) claims that said deed of assignment was and is void, both because of technical irregularities in its execution, etc., and because it was made for the purpose of hindering, delaying and defrauding creditors; and he claims that both the petition and the evidence show these things.

The facts of the case, stated briefly, are, as shown by the pleadings and evidence, substantially as follows:

Prior to May 16, 1877, A. A. Estlin, of Council Grove, Kansas, and L. R. Norton or his wife, Annette S. Norton, of St. Louis, Missouri, were partners in the mercantile business at Council Grove, Kansas, and at Winfield, Cowley county, Kansas, under the firm-name of A. A. Estlin & Co. Also, prior to that time said firm had contracted a large number of debts, among which were those for the enforcement of which said orders of attachment were issued. About that time, to wit, May 16, 1877, said partnership was dissolved — Estlin taking all the property, and agreeing to pay all the debts. Afterward, Estlin carried on said business alone. On June 19, 1877, Estlin drew up, signed and acknowledged said deed of assignment, assigning all his property, that which had previously belonged to the firm of A. A. Estlin & Co. as well as his other property (except such as was exempt from debts), to said T. E. Newlin, a resident of Morris county, Kansas, for the benefit of his (Estlin's) creditors. The plaintiff in error, defendant below, claims that the deed of assignment does not sufficiently describe certain of the property assigned. The description is as follows: "My stock of goods now on hand in store in the building on Main street, in Council Grove, Morris county, state of Kansas, and in the frame store building on Main street, in Winfield, Cowley county, state of Kansas, where I

now do business." This deed of assignment was not delivered until July 2, 1877, when it was delivered, and Newlin then accepted the trust tendered by it. On the same day there was filed in the office of the clerk of the district court of Morris county, a schedule of Estlin's liabilities, with the names of his creditors, the amount of each liability, etc.; which schedule was verified by the affidavit (in the form of a certificate sworn to) of Estlin, stating that the same was true and correct, according to the best of his knowledge and belief. The creditors mentioned in said schedule were the creditors of said firm of A. A. Estlin & Co., and no others, for at that time Estlin had no other creditors. This assignment was made for the benefit of all of said creditors in proportion to their respective claims. On the same day, to wit, July 2, 1877, Newlin took possession of the property assigned to him situated in Morris county, and on July 4, 1877, took possession of the property assigned to him situated in Cowley county. From June 19, 1877, up to July 4, 1877, the agent of Estlin, who had charge of the goods at Winfield, paid some of said creditors in full, amounting in the aggregate to $696, and perhaps sold some of the goods. But all this was done in good faith, and the payments were made without the actual knowledge or consent of Estlin or Newlin, they not being at Winfield, and not nearer there than Council Grove. Afterward Newlin made an inventory of the property assigned to him as required by § 2 of the assignment law of 1868. (Gen. Stat. 94.) On July 7th and 18th, 1877, the said Walker, sheriff, levied said orders of attachment on the property (or a part thereof) situated in Cowley county, and took the same into his possession. On July 31, 1877, Estlin's creditors had a meeting in accordance with §§ 2 and 3 of the assignment act of 1876 (Laws 1876, pp. 202, 203), and Newlin was duly chosen by them as the assignee to administer the trust created by said deed of assignment. Afterward Newlin commenced this action, replevying the property taken by said Walker on said orders of attachment. A trial was had in the case before the court

without a jury.   The court held that upon the pleadings the
burden of proof rested upon the defendant.   The defendant
then introduced his evidence, and rested his case.   The plain-
tiff then demurred to the evidence, upon the ground that it
did not prove any defense to the plaintiff's action, and the
court sustained the demurrer, and rendered judgment accord-
ingly.

There are a few minor facts which we have not deemed it
necessary to mention.   Taking all the facts together, as ad-
mitted by the pleadings and proved by the evidence, and we
cannot say that the court below erred.

Said deed of assignment took effect July 2, 1877, when it
was delivered, and not previously.   (*Mitchell v. Skinner*, 17
Kas. 565; *Harrison v. Andrews*, 18 Kas. 535, 541; *Cain v.
Robinson*, 20 Kas. 457, 460.)

We think the description of the property was sufficient.
At least, the assignee had no difficulty in finding the prop-
erty.   Indeed, we think that everything else was sufficient;
and no actual fraud or intention to defraud creditors is shown.
Under our present statutes it would take a pretty strong
showing of fraud or intended fraud to invalidate an assign-
ment (good in every other respect) made for the benefit of
creditors.   Sec. 1 of the assignment act of 1876 provides:

"The judge of the district court may appoint a receiver to
take and hold possession of the property assigned, in all cases
in which it shall be made to appear to him that the assignee
is not responsible for the amount of the property assigned, or
that there is danger of the property becoming lost, until the
assignee shall give security as provided by law." (Laws 1876,
p. 202.)

Sections 2 and 3 of said act provide that the clerk of the
district court shall give notice to all the creditors having
claims for over ten dollars, of a meeting to be held by such
creditors on a certain day, "not less than twenty nor more
than thirty days from the day of such assignment," at which
meeting the creditors are to elect an assignee to take charge
of the trust, "and until after such meeting the assignee
named in such assignment shall exercise no other powers

thereunder than the safe-keeping and control of the property coming into his hands under such assignment." (Laws 1876, pp. 202, 203.) Sec. 4 of said act provides for removals and for filling vacancies, etc., and the entire control of the matter is in the hands of the judge of the district court. A decision, therefore, made under former laws, or decisions made under the laws of other states, may have no application to cases arising under our present laws.

The judgment of the court below will be affirmed.

All the Justices concurring.