ABRAM NAVE ET AL. v. J. H. BRITTON.

(Case No. 5091.)

1. ASSIGNMENT.— Though an assignment for the benefit of creditors, made before 1879, after giving their names, failed to state the nature or amount of the assignee's indebtedness to them, that did not so vitiate the assignment as to authorize a court to declare it void on its face.
2. WHAT A SUFFICIENT DESCRIPTION OF PROPERTY ASSIGNED.— A description of property conveyed by an assignment for the benefit of creditors, prior to 1879, though not specific in the deed, was sufficient, if the description given was such that it could be clearly ascertained by parol evidence supplementing the general description in identifying the assigned property.
3. SAME — FRAUDULENT INTENT.— The failure in such a deed to give a full statement of the property conveyed, a list of the creditors of the assignor, and the amount of their demands, would only invalidate the assignment when done with a fraudulent intent. Distinguished from Caton v. Mosely, 25 Tex., 374.
4. ATTACHMENT — BURDEN OF PROOF.— In a suit by an assignee of an insolvent debtor against an attaching creditor, who had seized the assigned property to secure his debt, the assignment being a valid one, held,
   (1) The attaching creditor by levying his attachment became a trespasser.
   (2) If he wished to justify himself and show that the other creditors were not injured, and that he was the only remaining creditor who was entitled to the money which the plaintiff might recover, the onus was on him to prove it.
   (3) Such fact was a ground of defense for the attaching creditor and not a matter about which the plaintiff was required to plead.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

Keep & Yates assigned to appellee for the benefit of their creditors. Nave, Goddard & Co. instituted suit against them and attached a part of the assigned goods. Appellee instituted suit in district court of Grayson county against Nave, Goddard & Co., W. C. Everheart, sheriff, and G. H. Montgomery, C. W. Batsell, V. H. Montgomery, E. Everheart and E. L. Manson, his sureties, for damages for levying the attachment on the assigned property, claiming under the deed of assignment from Keep & Yates. Everheart filed his answer and motion, and prayed that J. G. Beiler, J. J. Eubank and W. C. Eubank, sureties on his indemnity bond, be made parties, which was done. Nave, Goddard & Co., Beiler, Eubank & Eubank answered by general denial, and specially that the deed of assignment under which appellee claimed was made by Keep & Yates with intention to defraud their creditors; that the same was contrary to public policy, null and void, and passed no title to appellee. The case was tried by a jury and resulted in a verdict and judgment for appellee against W. C. Everheart, G. W. Mont-

gomery, C. W. Batsell, V. H. Montgomery, E. Everheart and E. L. Manson for $1,648.12, and a recovery by them for the same amount against A. Nave, J. W. Goddard, L. J. Peck, J. G. Beiler, J. J. Eubank and W. C. Eubank. The last named parties moved the court for a new trial, which was overruled, to which they excepted and appealed.

The deed of assignment gave the names of the preferred creditors, and a general clause covering the other creditors.

The description of the assigned property in the deed was as follows, to wit: "Our entire stock of goods, wares and merchandise now in our store, or in any manner owned by us, and pertaining to our business as merchants as aforesaid; also all debts of every kind due or owing to us, whether upon notes, open accounts or otherwise. Also any and all other property of every kind, real, personal and mixed, which we as partners may own, or be entitled to, or have an interest in, in any manner whatever; the intention of this instrument being to convey and assign to said Britton all the goods, effects and property of every kind belonging to the firm of Keep & Yates."

The deed bore date December 26, 1878.

*C. N. Buckle*, for appellant, on proposition that the deed of assignment must settle the rights of creditors under it, cited: Caton *v.* Mosely, 25 Tex., 374, and authorities there cited; Dwight *v.* Overton, 35 Tex., 407; Bump on Fraudulent Conveyances (3d ed.), pp. 381, 382, and cases cited; Burrill on Assignments, pp. 235, 236.

That it must contain a description of the property, he cited: Linn *v.* Wright, 18 Tex., 335.

That the burthen of proving that there were other creditors than the party attaching, he cited: Caton *v.* Jones, 21 Tex., 788; Good *v.* Sherman, 37 Tex., 660.

*Hare & Head*, for appellee, that the deed of assignment was sufficient, cited: Van Hook *v.* Walton, 28 Tex., 59; Welsh *v.* Britton, 55 Tex., 118; Allen *v.* Willis, 2 Tex. Law Rev., 181; Bump on Fraudulent Conv., 343, 344 (3d. ed.); Linn *v.* Wright, 18 Tex., 337–9.

That the attaching creditor must prove that all the other creditors have been paid, to recover, they cited: Allen *v.* Willis, 2 Tex. Law Rev., 181; Hugo *v.* Brune, 3 Tex. Law Rev., 49; Bump on Fraudulent Conv. (3d. ed.), 338, 372.

WILLIE, CHIEF JUSTICE.— Unless the assignment was void upon its face, there was of course no error in permitting it to go to the jury.

It is contended by the appellants that it is void for containing neither a full statement of the property conveyed nor of the claims to be paid by the assignee.

The instrument conveys all the property of every character owned by the firm making the assignment. This has always been held a sufficient description, and is as definite as an absolute owner is required to make in an ordinary deed to his property. It is only necessary that the description given should be such that, when supplemented by parol evidence, it will suffice to ascertain the property. Clark v. Few, 62 Ala., 243; Walker v. Newlin, 22 Kans., 106.

As to the other objection, it has been held by this court that it is enough if the assignment give the names of the creditors without stating the nature or amount of their debts; or at least that the failure to do more does not vitiate the deed, or authorize the court to declare it void upon its face. Van Hook v. Walton, 28 Tex., 74. The present deed does name all the preferred creditors, and that has been held sufficient without specifying those who are postponed. Halsey v. Whitney, 4 Mason, 206.

The omission to include in an assignment a full statement of the property conveyed, or of the creditors of the assignor, and the amount of their demands, must be done with a fraudulent intent in order to vitiate it; and as no such intent appeared on the face of the present assignment, if it existed at all, it must have been by reason of extraneous facts to be submitted to the jury in connection with the instrument itself.

The case of Caton v. Mosely, 25 Tex., 374, cited as holding an opposite doctrine, arose upon a wholly different deed. The assignment not only did not specify the amount of the demands, but did not give the names of any of the creditors. Moreover, it authorized the assignee to hold the property and dispose of the same as soon as he could to the best advantage of the assignor's creditors generally. Taking the provisions of the deed altogether, the court held that it did not declare the uses to which the property was assigned, nor settle the rights of the creditors under it. All this was left to the assignee.

Not so with the present assignment, as the entire method in which the trust is to be executed is pointed out in the instrument. We think it was properly admitted in evidence. See Baldwin v. Peet, 22 Tex., 714; Van Hook v. Walton, supra. The deed we are passing upon arose before the passage of the assignment law of 1879, and is, of course, considered without reference to the provisions of that act.

It is further urged that the court erred in not charging the jury

that the burden of proving that some of the creditors of the assignee were unpaid at the date of the trial of this cause was upon the plaintiff.

It is certainly clear that at the time the attachment was levied, as also when this suit was commenced, no debts had been paid, as no disposition had been made of the assets till February 1, 1879. If the assignment was valid it passed title to all the property out of Keep & Yates, and it was not liable to attachment for their debts, whether sufficient or insufficient to pay all debts in full. By levying the attachment the defendants became trespassers; and if they wished to justify themselves or show that the other creditors were not injured, or that they, the defendants, were entitled to the money which might be recovered in the suit as the only remaining creditors, the *onus* was upon them to prove it. It was a ground of defense for themselves, and not a necessary fact to be pleaded or proved by the plaintiffs to entitle them to recover. Besides, there was some proof made by the plaintiffs that a portion of the consenting creditors had not been paid, and the plaintiffs were of course not of that class. And had the judge charged as defendants say he should have done on this subject, it could not have altered the verdict, and it has been held that under these circumstances a judgment will not be reversed. G., H. & S. A. R. R. Co. *v.* Delahunty, 53 Tex., 206.

As to the refusal of the court to charge in reference to the supposed attempt of Keep & Yates to prefer creditors, it is sufficient to say that there was no proof to show that any individual creditors were preferred. Phelps & Co., the alleged individual creditors, state positively that their claims were firm debts. The only proof offered to the contrary was, that the books of Keep & Yates show that the claims of Phelps & Co. were charged up to Yates as his separate indebtedness. But this would only show that Yates had assumed the indebtedness, and that, as between him and Keep, Yates would have it to pay from his separate funds. But this did not render the partnership any less liable upon these claims to Phelps & Co. The latter had nothing to do with any arrangement between the parties from whom the debt was due. They looked to both members of the firm, could sue both and enforce these claims against them, and Keep & Yates might settle between themselves as to how they would charge up the money that was used towards their payment. The partnership property was liable for the indebtedness before it could be used to the payment of any separate debts, and hence an assignment of that property for its payment in preference to other

firm debts was legitimate. There was, then, no evidence that these claims were the separate debts of Yates, and hence the court was not authorized to give the charge requested by the appellants. Earle v. Thomas, 14 Tex., 583.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 13, 1884.]