Bissell, J.,
delivered the opinion of the court.
The Graham Paper Company recovered a judgment against Hinebman for $369.39. Execution was issued and returned nulla bona. Thereafter a garnishee summons was 'sued out and served on Sanderson, who answered “not indebted.” The answer was traversed. On the trial the garnishee was discharged. The appellant feeling aggrieved proséeutes this appeal.
The case lies within very narrow limits, and requires barely more than a suggestion to settle the only question presented. Sanderson was an assignee for the benefit of *428 creditors under a deed made by Hinchman prior to the judgment. The whole error laid is predicated on the insufficiency of the deed to pass the title to the assignee. It was in general terms and conveyed to Sanderson “ all the goods, chattels, merchandise, bills, bonds, notes, book accounts, claims and demands, choses in action, judgments, evidences of indebtedness and property of every name and nature whatsoever of the party of the first part.” This general granting clause was followed by a statement that the property “is more particularly described in the schedule annexed,” with a further clause “that all the.property is conveyed whether specified in the schedule or not.” The schedule is printed in the appellant’s argument. The description in the schedule is of a like general character, and does not identify the locus of the buildings, improvements and stock transferred. It is insisted the description is too general, and title cannot be taken to pass by virtue of the general words of transfer. This court is supposed to be controlled by a decision in a case wherein the deed was held to be limited by the terms of the inventory. We do not regard the opinion applicable, nor the facts at all similar. In the case referred to, the only description was that contained in the inventory and the terms of the inventory were of necessity taken as a limitation upon the granting clause. The cases referred to and particularly relied on are Palmer v. McCarty, 2 Colo. App. 422, and Burchinell v. Mosconi, 4 Colo. App. 401. The contention as to the invalidity of the assignment under consideration is based largely on the general language used in those two opinions- respecting the construction of deeds, which were adjudged to be insufficient mainly on other grounds than the particular one which was suggested in the opinions, rather than made a basis of the decision itself. It is quite true the language in the Burchinell v. Mosconi Case admits of the construction contended for, and the learned judge who wrote the opinion declared the language of the description in the deed in that case insufficient and intimated that if necessary he would hold the deed invalid because of a lack of apt words *429 conveying the assigned property. Under the old assignment act of 1885 the assignor was bound to attach an inventory to his deed of assignment which should contain a description of the property which he sought to convey. In that case the deed itself declared that all the property which was conveyed was described in the schedule which was attached. Under these circumstances it might possibly have been well held that the description in the deed was insufficient. There are many authorities of gj’eat weight which hold that where the schedule is made a part of the deed it may Vary its terms, and the general description must be taken as limited by that found in the schedule. This rule proceeds on the general basis that a particular description controls a general one antecedently expressed in tbe same instrument. Bock v. Perkins, 139 U. S. 628.
The cases which lay down this rule do it on the principle stated in that opinion and adopt the construction simply •because of the necessity which results from the limitation upon the granting clauses. It is believed no case can be found which will adjudge a deed containing general granting words like the present would be held insufficient to convey all the property of the assignor unless this construction was the normal and necessary result of a limitation of the particular words contained in the grant itself. Such is not the present case, for the grantor here directly declares that all his property is conveyed, whether specified or undescribed. The distinction is very aptly stated and the true rule settled in Falk v. Liebes et al., 6 Colo. App. 473. Language identical with that contained in the present deed was construed in that case. The deed was held good and the phraseology of the inventory adjudged not to be a limitation on the grant.' According to the express language of the instrument the reference to the inventory was for a more full and particular description and not by way of limitation. It was tbe manifest and clear intention of tbe parties to convey all the prop- . erty which they owned which was not exempt from execution. This has always been held sufficient. It is only requisite *430 that the description be sufficient when aided by parol proof to ascertain what is granted. This is the clear result of the main line of reputable authorities, and so far as we are able to see we find nothing in our opinions on facts at all similar which conflict with these authorities. Clark et al. v. Few, 62 Ala. 243; Nave v. Britton, 61 Tex. 572; Coots v. Chamberlain, 39 Mich. 565; Burrill on Assignments (6th ed.) sec. 99; Clark v. Mix et al., 15 Conn. 151; Pingree v. Comstock, 18 Pick. 46; Turner et al. v. Jaycox et al., 40 N. Y. 470; Emigrant Industrial Saving's Bank v. Roche et al., 93 N. Y. 374.
These cases are all in harmony with the general propositions laid down in the Falk Case and herein expressed.
The judgment of the court below is in accordance with these views, and deeming it correct, we affirm the judgment.

Affirmed.